ALBANY,
Oct. 1832.

Ward
v.
Aylesworth.

WARD *vs.* AYLESWORTH.

*In assessments* under the *common school law*, where a farm is divided by a *town* or *county line*, the whole farm must be assessed to the owner, *in the town* and *district* where his dwelling house is situated; and the portion of the farm lying out of the district is for the purposes of this act considered in law as being within the district, so that a *district collector* is authorized to make a levy on personal property on any portion of the farm, although such levy be made beyond the bounds of the *town* and *county* in which his district was organized.

THIS was an action of trespass *de bonis asportatis*, tried at the Steuben circuit in November, 1830, before the Hon. SAMUEL NELSON, then one of the circuit judges.

The defendant as the *collector* of a common school district number *seven*, in the town of Starkey, in the county of *Yates*, levied upon a yoke of oxen, belonging to the plaintiff, by virtue of a warrant from the trustees of the district, to satisfy a school bill of $7,62, due from the plaintiff for teacher's wages. The plaintiff's farm is intersected by the division line between the counties of *Yates* and *Steuben ;* the buildings upon it are in Yates, and so is the greater portion of the farm ; the portion lying in *Steuben is* improved land cultivated by the plaintiff, and the portion in Yates is within the bounds of the school district, by the trustees of which the warrant was issued. The cattle were levied upon on that portion of the farm which lies in *Steuben,* and were sold at public vendue for the sum of $25, to one *John Warner.* On the day after the sale the plaintiff drove back the cattle to his farm, and used them as his own, but subsequently they were sold by *Warner.* The plaintiff offered evidence in aggravation of damages, which was rejected by the judge, who ruled that if the plaintiff recovered he must be limited to the value of the cattle, and whether he was entitled to recover depended upon the place where the oxen were taken ; if taken in *Steuben,* (as to which there was some contrariety of evidence,) he was entitled to recover, otherwise not. The jury gave the plaintiff a verdict for $60, which the defendant now moved to set aside.

ALBANY,
Oct. 1832.

Ward
v.
Aylesworth.

*S. Cheever*, for the defendant.

*D. Cady*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J. The only question necessary to be discussed is, whether the defendant was justified in levying on the cattle while in the county of *Steuben*. There was some reason to think that no positive levy had been made until the cattle had been driven, in their course, to the barn of the plaintiff, within the bounds of the county of *Yates*, as the plaintiff then inquired whether the defendant was in earnest, implying a doubt in his own mind on that subject; but the jury have settled that question. The judge refused evidence of the fact that the *county line* had been in dispute; this was offered in explanation of the defendant's admission that the levy had been made in the county of Steuben. I confess I do not see the materiality of the testimony in any point of view unless it was in mitigation of damages; and on that point the judge adopted the true rule, the actual value, unless it had been shewn that the oxen were purchased in by the plaintiff himself, or on his behalf.

To ascertain the right of the collector to make the levy south of the county line, it will be proper to enquire whether that part of the plaintiff's farm composed part of the district No. 7, in the town of Starkey. By the act relating to the assessment and collection of *taxes*, 1 *R. S.* 389, § 1, it is enacted that every person shall be assessed in the town or ward where he resides when the assessment is made, for all lands then owned by him within such town or ward, and occupied by him, or wholly unoccupied. By section 4, it is enacted that " where the line between two towns or wards divides a farm or lot, the same shall be taxed, if occupied in the town or ward where the *occupant resides;* if unoccupied, each part shall be assessed in the town in which the same shall lie ; and this whether such division line be a town line only, or be also a county line." The latter member of the sentence applies to all that precedes it ; so that if a person who owns a farm which is divided by a town line or a county line, he is to be assessed for his whole farm in the town where his house is situated, as

that is where he resides. The act in relation to *common schools*, 1 *R. S.* 482, make a similar provision in relation to districts. § 76. "In making out a tax list, the trustees shall apportion the tax on all the taxable inhabitants within the district, according to the valuations of the taxable property which shall be owned or possessed by them at the time of making out the list within the district, or which being intersected by the boundaries of the district, shall be so owned or possessed by them, partly in such district and partly in any adjoining district." The 77th section provides that "every person owning or holding any real property within any school district who shall improve and occupy the same by his agent or servant, shall, in respect to the liability of such property to taxation, be considered a taxable inhabitant of such district, in the same manner as if he actually resided therein. § 78. If there shall be any real property within a district cultivated and improved, but not occupied by a tenant or agent, and the owner of which shall not reside within the district, nor be liable to be taxed for the same in an adjoining district, such owner shall be taxable therefor in the same manner as if he were an inhabitant of the district; but no portion of such property but such as shall be actually cleared and cultivated shall be included in such taxation."

It was the intention of the legislature to place the assessment and collection of school taxes upon the same footing as the assessment and collection of the ordinary taxes for town and county charges; they intended to provide, and have provided, that all the real property in the state shall be liable to be assessed once, and only once, for the support of common schools; that the valuations may be as uniform as possible, it is provided that they shall be taken as far as possible from the last assessment roll of the town, and when that cannot be done, they shall be ascertained in the same manner as the town assessors are required by law to proceed in the valuation of taxable property. It probably happens that in dividing the towns into districts, the district lines pursue the lines of lots according to the original survey of the patents or grants of lands in the towns, or perhaps the districts may be divided by

roads.   In such cases it often happens that the lines of districts divide the farms of some of the taxable inhabitants of the district; and in such cases the 76th section applies, and directs the whole farm to be assessed in the district where the owner resides, that is, where his dwelling house is situated, for there he is a taxable inhabitant.   So too, where a farm is divided by a town line or a county line, the whole farm must be assessed to the owner in the town and district where his dwelling house is situated.   This must be so in respect to school assessments.   It is expressly so directed in the act relating to town and county taxes, and necessarily follows, from the provisions of the 76th section of the school act.   Where, therefore, a farm is thus divided by a district line, that part of the farm lying out of the district, where the dwelling house is situated, is virtually brought within it; it is so for every beneficial purpose.   As it is not chargeable with taxes in the district in which its actual location is, it is to that district as if the district line ran round such farm.   As it cannot be assessed there, so personal property thereon is free from seizure from levy and distress for taxes in that district; and if no levy can be made by the collector of the district to which it becomes attached, in consequence of the owner's dwelling being therein, then personal property upon such portion of a farm is secure from seizure for school taxes altogether.   Such a consequence, I apprehend, was not intended by the legislature; nor is it necessary to establish such a principle.   If we consider the whole farm, parcel of the district in which it is assessed and taxed, then the whole system is harmonious; the fact of a farm being thus divided by a district line, enlarges the district in which the dwelling house is situated, and diminishes the other.   Most clearly it does so for the purpose of imposing the tax, and the remedy for enforcing payment should be equally extensive, and it seems to me is so.   The collector is authorized, section 88, in case any inhabitant shall not pay on demand, to levy on his goods and chattels in the same manner as on executions issued by a justice of the peace.   And by the 89th section, in case the person charged with a tax does not reside within the district, *and no goods or chattels can be found therein* whereon to levy the same, then the trustees may sue

ALBANY,
Oct. 1832.

Ward
v.
Aylesworth.

for and recover the same. Hence it follows that the collector is limited in his functions to the bounds of the district ; no other territorial limit is imposed. A district may be formed out of two or more adjoining towns, 2 *R. S.* 270, 1, and there is no prohibition against such district being formed from different towns in different counties. In fact, a neighborhood may be set off adjoining another state, where it is convenient to send their children to school in such adjoining state, and such neighborhood is entitled to its share of the public money. The fact that a county line intervenes in this case has no more effect upon the power of the collector than if it was a town line, or merely a district line between two districts in the same town. The collector is a district officer, not a town officer or a county officer ; and the simple question is whether the defendant in this case was not acting within his district ? I think he was. Comparing the 76th, 77th and 78th sections, it is clear that the property in question could be assessed no where else but in district No. 7, in Starkey. The 76th section, as I have already observed, authorizes the assessment of the whole farm to the owner in the district where his house is located, although part lie in another district. The 77th section authorizes the assessment of a farm to the owner, who does not reside in the district, provided he occupies the same by an agent or servant ; for instance, by a person hired by the owner to work the farm for wages : but if the person in possession be a tenant at will, or for years, the assessment should be made to him. Section 83.

The 78th section authorizes the assessment of a farm within the district to the owner who resides out of the district, where it is not occupied by a tenant or agent, nor liable to be taxed in an adjoining district. This section is confined to a cultivated farm, on which the owner has no tenant nor agent, and which is carried on by the owner himself, and not liable to taxation elsewhere ; for, if the owner reside in an adjoining district, and the property in question composes part of the farm on which he lives, then it is liable to be taxed in an adjoining district.

In the cases provided for in the 77th and 78th sections, the owner is considered a taxable inhabitant in the district where

his property is situated as therein described; and the collector may lawfully levy upon the owner's personal property found upon the property assessed. In the case now under consideration from the facts presented, that part of the plaintiff's farm where the oxen were seized, could not be taxed in the county of Steuben; although it might be nominally in some other school district, yet it was not taxable there, nor any where else but where it was taxed. If it be argued that the collector cannot go beyond the limits of his district, as assigned by the commissioners of common schools in the town of Starkey, then the consequence might follow, as stated by the defendant's counsel, that possibly the owner of a farm might have all his personal property upon that part of his farm which lies out of the district, except such as is exempt from seizure. This is not a probable, but it is a possible case ; and the question still returns, whether the law has not made the whole farm of the plaintiff a part of the district in which his house is situated, notwithstanding district, or town or county lines. I am of opinion that such is its effect, that the collector had a right to seize property to pay the tax any where upon the premises which had been assessed, and on which the tax had been imposed.

New trial granted.