THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN L. VANDERVEER, Appellant, v. THOMAS A. WILSON and Others, Assessors, etc., Respondents.

*Assessment of land lying partly in Brooklyn and partly in the adjacent town, where the owner resides in that part situated in Brooklyn — chap. 315 of 1886 — chap. 152 of 1878 — R. S., pt. 1, chap. 13, tit. 2, art. 1.*

In proceedings taken to review an assessment, made by the board of assessors of the city of Brooklyn, on the land of the relator which was situated partly in the town of Flatlands and partly in the twenty-sixth ward of the city of Brooklyn, it appeared that the relator's residence was upon that portion of the land which was situated in the twenty-sixth ward, and that the assessors assessed the whole of said land, for the purposes of taxation, as though it were all situated in the twenty-sixth ward of said city.

*Held*, that the judgment should be affirmed as the assessment was authorized by chapter 315 of the Laws of 1886, which amended article 1 of title 2 of chapter 13, part 1 of the Revised Statutes, by adding a new section which provides that "when the line between two towns, wards or counties divides a farm or lot, the same shall be taxed, if occupied, in the town, ward or county where the occupant resides; if unoccupied each part shall be assessed in the town, ward, village or county where the same shall lie."

That chapter 152 of 1878, permitting lands occupied by a person other than the owner to be assessed to the occupant as lands of residents, or to the owner if he lived in the county, had no reference to lands divided by a town or county line in respect to the place of taxation; nor has chapter 411 of the Laws of 1885, as the latter act provides that "nothing herein contained shall be construed as requiring or authorizing any real or personal property to be assessed or taxed in any other town, city or village than as provided by existing laws."

APPEAL from a judgment, rendered at the Kings County Special Term, in proceedings instituted by *certiorari* to review an assessment, made by the board of assessors of the city of Brooklyn, of the lands of the relator, which judgment was entered in the office of the clerk of Kings county on the 6th day of February, 1889, and adjudged that the assessment made of the said relator's lands for the purpose of taxation was legal, and the proceedings of the assessors were affirmed.

The relator was the owner of a farm in Kings county, which was situated partly in the town of Flatlands and partly in the twenty-sixth ward of the city of Brooklyn. The relator's residence was situated upon that portion of the land situated in the city of Brooklyn. The respondents, the Assessors of the City of Brooklyn, assessed the whole of the said land, for the purpose of taxation, as though all the land was situated in the said city. The writ of *certiorari* was granted to review their proceedings in that particular.

*John H. Kemble,* for the appellant.

*Almet F. Jenks,* for the respondents.

BARNARD, P. J.:

There has always been a difference in the meaning of unoccupied lands and non-resident lands. Lands owned by a resident of a town where it was situated, but occupied by another person, could be assessed to either owner or occupant. Unoccupied lands not owned by a resident of a town were non-resident lands. (1 R. S. [2d ed.], m. p. 389, §§ 2, 3.)

Chapter 315 of the Laws of 1886 keeps up this distinction. Occupied lands, when divided by a town or county line, shall be assessed in a town where the occupant resides. The findings show a case of this kind. A farm of land in two towns occupied by the relator was assessed in the town where he lived. Chapter 152, Laws of 1878, permits lands occupied by a person, other than the owner, to be assessed to the occupants as lands of residents, or to the owner if he lives in the county. The act had no reference to lands divided by a town or county line in respect to the place of taxation. Chapter 411 of the Laws of 1885 introduced a new

principle in taxation in counties containing upwards of 300,000 inhabitants. The taxes were to be assessed upon the land, and not upon the occupant or owner. (Sec. 3.) The place of taxation of lands as such is still preserved as it had been. The act was express in its terms that "nothing herein contained shall be construed as requiring or authorizing any real or personal property to be assessed or taxed in any other town, city or village than as provided by existing laws." (Sec. 8.)

Chapter 315, Laws of 1886, was in force. It had reference solely to lands occupied and unoccupied, as such lands had been defined in the Revised Statutes.

The order should, therefore, be affirmed, with costs.

PRATT, J., concurred

Judgment affirmed, with costs.