DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## June, 1893.

---

Thomas Budd, Respondent, *v.* John J. Allen, Appellant.

*School tax — land of same resident owner, lying partly in different school districts — sections 66 and 71 of the Consolidated School Act of 1864.*

The provision of section 71 of the Consolidated School Act of 1864 (Laws of 1864, chap. 555), that "Every person owning or holding any real property within any school district, who shall improve and occupy the same by his agent or servant, shall in respect to the liability of such property to taxation, be considered a taxable inhabitant of such district, in the same manner as if he actually resided therein," applies only to land belonging to an owner who does not reside upon it, but occupies it by an agent or servant who lives upon it and works it for the owner; it does not apply when the land is occupied and improved by the owner himself, although the owner's hired man lives upon it while the owner lives upon an adjoining parcel of land in another school district, used and worked with it as one farm under the owner's direction, and assessed as one lot on the town assessment roll.

The case of such a resident owner, whose farm is divided into two parcels on a school district line, is governed by section 66 of said act of 1864, as amended by chapter 328 of the Laws of 1889, which provides that "land lying in one body and occupied by the same person, either as owner or agent for the same principal or as tenant under the same landlord, if assessed as one lot on the last assessment roll of the town after revision by the assessors, shall, though situated partly in two or more school districts, be taxable in that one of them in which such occupant resides."

Appeal by the defendant, John J. Allen, from a judgment of the County Court of Monroe county, entered in the office of the clerk of that county on the 26th day of September, 1892, affirming the judgment of a justice of the peace of the town of Webster, rendered on the verdict of a jury, in favor of the plaintiff.

*S. D. Bentley*, for the appellant.

*Hugh McKay*, for the respondent.

Dwight, P. J. :

The action was to recover the value of personal property of the plaintiff sold under direction of the defendant, in the collection of a school tax levied by the latter in the year 1891, as sole trustee of joint school district No. 10 in the towns of Ontario in Wayne county and Webster in Monroe county, upon certain farm lands of the plaintiff of about seventy-five acres, lying within the bounds of that district and in the town of Ontario.

The plaintiff, for about three years before, and at the time of, the levying of the tax in question, lived on a parcel of land of about fifteen acres, situate in the town of Webster and within the bounds of school district No. 11 of that town. The two parcels of land adjoined each other, the east line of the fifteen acres coinciding with the west line of the seventy-five acres for a distance of sixteen rods along the center line of the highway, which lay on the town and county line, and the whole ninety acres was used and worked as one farm by and under the direction of the plaintiff. His hired man lived on the seventy-five acres and was paid yearly wages in addition to the use of a house and garden spot. In the years 1889 and 1890 and 1891 the whole ninety acres was assessed as one lot in the town of Webster, and no part of the same was assessed in the town of Ontario in either of those years.

The foregoing are all the facts which are essential to the disposition of the main question in this case, viz. : Whether the seventy-five acres of the plaintiff's farm which lay within the joint district, No. 10, of Ontario and Webster, was taxable for school purposes in that district. The question is one purely of statutory construction, and the statutory provisions to be construed are found in the Consolidated School Act of 1864 (Laws of 1864, chap. 555), as amended by chapter 328 of the Laws of 1889.

By section 66 of that act, as so amended (Birdseye, p. 567, § 149), it is provided as follows : " School district taxes shall be apportioned by the trustees upon all real estate within the boundaries of the district which shall not be by law exempt from taxation, except as hereinafter provided, and such property shall be assessed to the per-

son or persons or corporation owning or possessing the same at the time such tax list shall be made out, but land lying in one body and occupied by the same person, either as owner, or agent for the same principal, or as tenant under the same landord, if assessed as one lot on the last assessment roll of the town after revision by the assessors, shall, though situated partly in two or more school districts, be taxable in that one of them in which such occupant resides."

The case before us seems to be brought precisely within the later and exceptional provisions of this section by the facts above stated. The ninety acres of land lies in one body ; is occupied by the same person, as owner ; was assessed as one lot on the last assessment roll of the town in which the owner lived, and, therefore, though situated partly in two school districts, was, it would seem, taxable in that one of them in which such occupant resided.

But the appellant contends for the application to the case of section 71 of the same statute (Birdseye, p. 568, § 154), which reads as follows : " Every person owning or holding any real property within any school district, who shall improve and occupy the same by his agent or servant, shall, in respect to the liability of such property to taxation, be considered a taxable inhabitant of such district, in the same manner as if he actually resided therein."

It is very plain, we think, that this section has no application to the case before us. The distinguishing fact contemplated by the provision is that the land referred to is occupied and improved by an agent or servant of the owner, and that fact does not exist when it is occupied and improved by the owner himself. The section clearly has application only to land belonging to an owner who does not reside upon it, but occupies it by an agent or servant who lives upon it and works it for the owner, such agent or servant being distinguished equally from the owner of the land, and from a tenant who works it for his own account. The plaintiff is not a non-resident owner, but lives upon, occupies and works his own farm and the whole of it. The fact that his hired man lives on the other side of the district line can have no effect upon the status of the owner as a taxable inhabitant of the one district or the other.

The foregoing examination of the statute leaves, we think, no room for doubt that the whole of the plaintiff's farm of ninety

acres was taxable for school purposes in district No. 11 of Webster, and that no part of it was taxable in joint district No. 10 of Webster and Ontario. This seems to be the construction which has been uniformly put upon the statute by the Department of Public Instruction, as shown by decisions of several superintendents to which our attention is called by counsel for the respondent; and the quotation made by counsel for the appellant, from a note to section 71 (*supra*), contained in the Code of Public Instruction, published by the Superintendent in 1887, at page 353, is, we think, quite to the same effect.

The construction here given also brings the statute in question into harmony with the general statute in respect to the taxation of lands divided by town and county lines (1 R. S. 389, § 4; Laws of 1886, chap. 315, § 1; Birdseye, p. 2961, § 52), and with the decisions of the courts which have passed upon the effect of these provisions of law. (*Saunders* v. *Springsteen*, 4 Wend. 429; *Ward* v. *Aylesworth*, 9 id. 281; *People ex rel. Vanderveer* v. *Wilson*, 52 Hun, 388; *Hampton* v. *Hamsher*, 46 id. 144.)

Such being the law of the case the defendant acted without jurisdiction in assessing any part of the plaintiff's land for taxation in district No. 10, and by issuing his warrant and directing the levy upon, and sale of, the plaintiff's personal property to pay such tax was guilty of a trespass, for which a recovery was properly had in the Justice's Court.

The only other question in the case which seems to require consideration arises upon the denial by the County Court of the defendant's motion to strike out the allowance of costs in the judgment appealed from.

We are asked to review this order apparently upon the assumption that the record shows a certificate made by the justice of the peace to the effect that it appeared upon the trial before him that the defendant acted in good faith in the matters out of which the cause of action arose. (Code Civ. Pro. § 3244.) But this assumption is a mistaken one. The record contains no such certificate, nor any evidence that such a certificate was ever presented to the County Court. On the contrary, it does appear that counsel for the appellant, on the hearing of the appeal in the County Court, moved for and obtained an order requiring the justice to make a special return

certifying whether or not it appeared on the trial before him that the defendant, in the acts complained of, acted in good faith, and that the justice made such return certifying that such fact did not appear. It is true the justice went further in his return and narrated a transaction between himself and the defendant, in which his signature was obtained to a paper which the justice afterwards understood was a certificate of good faith, but which he did not understand to be such when it was signed, and which, if it was such, was untrue.

It is apparent why this return could not have been regarded by the County Court as equivalent to the certificate required by the statute, section 3244 (*supra*), as a condition of exempting the defendant from liability for costs.

The judgment and order appealed from should be affirmed.

LEWIS, MACOMBER and HAIGHT, JJ., concurred.

Judgment and order of the Monroe County Court appealed from affirmed, with costs.