The following is the opinion at chambers:
Patterson, J.
The petitioner, organized as a railroad corporation under the general railroad act of 1850, and its amendments, proposes to build and operate a railroad from Tarrytown,. in Westchester county, to Park place in the city of Hew York. The road in the city of Hew York, north of One Hundred and Twenty-fifth street, is designed to be constructed and operated underground, and south of that street to be built on arches of solid masonry upon property to be acquired from private owners in the blocks bounded north and south by street lines; the roadway to be carried on steel bridges from street line to street line, as it would cross the several streets. Under the act referred to, and no other, the petitioner seeks to acquire lands of private owners, and this proceeding is instituted for the appointment of commissioners to appraise certain real estate belonging to the respondents, and which the petitioner alleges to be necessary for its corporate purposes.
It is objected by the owners of the property sought to be taken that the petitioner cannot lawfully construct and operate its proposed ráilroad in the city of Hew York It is urged that the intended structure, being partly an underground and partly an elevated road, cannot-be built in the city of Hew York under the general railroad act, and that, as to an elevated road, no authority to build it exists outside of the rapid transit act. Chap. 606, Laws of-1875. I am not at all satisfied that the provisions of the rapid transit act apply to such a corporation as this, for it would appear that that act relates to roads to be built only within one county; but not passing upon that point or expressing any opinion *553 upon it, I think the act, chap. 10, Laws of 1860, effectually prevents the petitioner from carrying out its proposed enterprise. By the last mentioned enactment, it is provided as follows: “ Sec. 1. It shall not be lawful to lay, construct or operate any railroad in, upon or along any or either of the streets or avenues of the city of Mew York, wherever such railroad may commence or end, except under the authority and subject to the regulations and restrictions which the legislature may hereafter grant and provide. This section shall not be deemed to affect the operation as far as laid of any railroad now constructed and duly authorized, nor shall it be held to impair in any manner any valid grant for or relating to any railroad in said city existing on the 1st day of January, 1860.”
This act does not relate simply to street railroads, for it expressly says, any railroad, wherever it may begin or end; wherever its terminal points may be, whether both of those points are in this county, or one of them in a distant part of the state, and its undoubted purpose was to preserve the streets and highways of the •city from the obstruction and interference of new railroads, except under the authority of and with restrictions and regulations to be thereafter imposed by the legislature. As the act does not apply only to street railroads, or to those following the course and direction of particular streets and highways, and operated within the city limits alone, regard being had to its purpose, it should be •construed as relating to railroads which would cross streets or highways, or be in and upon parts of such streets. A road may be in and upon a street, and not on the surface of the street.
An underground road may be in or on the street, although beneath the surface; this has been held as to a street railroad, In re N. Y. Dist. R. Co., 107 N. Y., 51; 11 N. Y. State Rep., 753, and it may be in or upon the street, although above the surface, even when not supported on ground within the street lines. The object of the act of 1860 being to make it unlawful to obstruct or interfere with or affect rights in the streets without further legislative sanction,- it would seem clear that part of a railroad structure might be built over a street, crossing it at right angles and at such a height as to impede travel or interfere with streets, and such a structure would be regarded as in or upon the street. Who is to determine at what elevation or altitude a railroad structure crossing a street is to be regarded as not in or upon the street ?
It was left to the legislature to regulate and place restrictions upon the construction and operation of railroads to be built in the city of Mew York after the year 1860, so far as the streets of that city are concerned, and this view is taken by the court of appeals, In re W. S., A. & P. R. R. Co., 115 N. Y., 445 ; 26 N. Y. State Rep., 504, although the subject is only incidentally discussed there. In that case it was held that street railroads may still be formed under the general railroad act of 1850 and its amendments, except in the city of Mew York, as to which the act of 1860 applies, and speaking of that act of 1860, it is said in re *554 gard to the city of New York, “it is admitted that the general railroad act has now no application, for by chap. 10 of the Laws of 1860 it is made unlawful to lay, construct or operate a railroad in New York city, except under the authority of the legislature, to be thereafter granted; ” and although street railroads were then, only under consideration, I -am satisfied the learned judge who-wrote the opinion in that case intended to be understood as meaning the statement just as broadly as he made it; for he was not only speaking with precision in limiting observations of other judges in other cases and was. critically accurate, but there is nothing in the act of 1860 to confine its provisions to street railroads. It embraces all railroads but the excepted classes.
With these views, I must deny the application.
A. Sticlcney, for app’lt; G. A. Strong, for resp’t.
Pee Curiam.
The order appealed from should be affirmed, with ten dollars costs and disbursements, for the reasons stated in the opinion of Mr. Justice Patterson.
Van Brunt, P. J., Beady and Daniels, JJ., concur.