The People of the State of New York, Respondent, v.
The Thames and Mersey Marine Insurance Company,
Limited, Appellant.

Tax — Foreign Insurance Corporation — Franchise Tax upon
Fire and Marine Insurance Corporation — Effect of Chapter
118 of Laws of 1901.   A foreign marine insurance company doing business
in this state must pay the annual tax of five-tenths of one per centum on
the gross amount of premiums received for business done within this
state during each calendar year, imposed by chapter 118 of the Laws of
1901, amending section 187 of the Tax Law (L. 1896, ch. 908, § 187), "in
addition to all other fees, licenses or taxes imposed by this or any other
law," and is no longer entitled to have deducted therefrom all other taxes
paid by the company, under the provisions of the Insurance Law (L.
1892, ch. 690, as amd. by L. 1893, ch. 725), providing that the superintend-
ent of insurance in collecting the tax of two per centum thereby imposed
upon the amount of all premiums upon insurance against marine risks
received by any foreign insurance company during the preceding calendar
year, shall deduct therefrom all other taxes paid by such corporation
under the laws of this state; since it is apparent from the former statute
that it was the purpose of the legislature to increase the franchise tax
imposed upon foreign insurance corporations to one per centum per
annum, which it did, in the case of all of such corporations except fire
and marine insurance corporations, by increasing the tax from five-tenths
of one per centum to one per centum, but in the case of the latter cor-
porations it effected this purpose by providing that the tax of five-tenths
of one per centum per annum imposed upon such corporations should be
*in addition* to the taxes authorized by other statutes, and, therefore, the
provision of the Insurance Law providing for a deduction of such tax must
be deemed to have been repealed by implication by the statute in question.
   *People* v. *Thames & Mersey Marine Ins. Co.,* 85 App. Div. 623, affirmed.

   (Argued November 20, 1903; decided December 1, 1903.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
August 10, 1903, which affirmed a judgment in favor of
plaintiff entered upon a decision of the court at Special Term
sustaining a demurrer to the answer.

   The nature of the action and the facts, so far as material,
are stated in the opinion.

   *James F. Tracey* for appellant.   The Franchise Tax Law
of 1901 does not repeal the clause directing the manner of

ascertaining the gross premium tax on foreign marine insurance companies. (*Wood* v. *Bd. of Suprs.*, 136 N. Y. 403; *Matter of Curser*, 89 N. Y. 401; Cooley on Taxn. [2d ed.] 294; Black on Interp. Stat. 117, § 53; *Hoey* v. *Gilroy*, 129 N. Y. 132; *Van Denburgh* v. *Vil. of Greenbush*, 66 N. Y. 1; *Casterton* v. *Town of Vienna*, 163 N. Y. 368; *People* v. *Jaehne*, 103 N. Y. 182.) The construction of the controverted clause in the Franchise Tax Act of 1901 assumed by the respondent is not necessary, nor on analysis is it the preferable one. (*Saunders* v. *Evans*, 8 H. L. Cas. 721; Broom's Leg. Maxims, *627.)

*John Cunneen, Attorney-General*, and *George F. Slocum* for respondent. An analysis of the amendment of 1901 shows the clear legislative intent to increase the revenues by increasing the tax upon insurance corporations, and as incidental to that purpose to do away with all rebates other than those expressly mentioned in the act. (*Hackmann* v. *Pinkney*, 81 N. Y. 211; *People* v. *Jaehne*, 103 N. Y. 182, 195.) While it is true that repeals by implication are not favored, yet where the provisions of two statutes are absolutely irreconcilable the earlier must give way. (*Lyddy* v. *Long Island City*, 104 N. Y. 218; *Stack* v. *City of Brooklyn*, 150 N. Y. 335; Potter's Dwarris on Stat. 155.)

HAIGHT, J. This action was brought to recover the amount of the annual tax payable to the superintendent of insurance by the defendant, a foreign marine insurance company, pursuant to section thirty-four of the Insurance Law, amounting to the sum of $8,334.24.

The defendant, in its answer, alleged that it had been assessed a franchise tax, pursuant to section one hundred and eighty-seven of the Tax Law, of $1,191.72, which it had paid to the comptroller, and demanded that this amount should be deducted from the amount claimed by the superintendent of insurance. The defendant further alleged that it had tendered payment of the balance due the superintendent of insurance after the deduction of the franchise tax as aforesaid.

The demurrer interposed was to the effect that the partial defense alleged in the answer was insufficient in law. The demurrer was sustained and final judgment has been entered in favor of the state. The statute under which this controversy arises, so far as is material to the question involved, is as follows :

" The agent of every corporation, association or individual not incorporated by the laws of this state to effect insurances against marine risks, shall annually, on or before the first day of February, pay to the superintendent of insurance a tax of two per centum upon the amount of all premiums upon insurances against marine risks which have been received by such agent or any person for him or have been agreed to be paid for any such insurance effected or agreed to be effected or procured by him, within this state, for the year ending the thirty-first day of December preceding ; *but in collecting such tax from a foreign marine insurance corporation, the superintendent of insurance shall deduct therefrom all other taxes paid by such corporation under the laws of this state.*" (Insurance Law, § 34, being chapter 690 of the Laws of 1892, as amended by chapter 725 of the Laws of 1893.)   By chapter 542 of the Laws of 1880, as amended by chapter 361 of the Laws of 1881, there was imposed a franchise tax on every corporation or association organized under the laws of other states or countries doing business in this state, and these provisions were subsequently incorporated into chapter 908 of the Laws of 1896, section 187.   Under these provisions the defendant had the right to have the amount of the franchise tax assessed to and paid by it deducted from the amount which was payable to the superintendent of insurance, but, in the year 1901, by chapter 118, the provisions of section 187 of the Tax Law were amended, and, so far as material, provide as follows : " An annual state tax for the privilege of exercising corporate franchises or for carrying on business in their corporate or organized capacity within this state equal to one per centum on the gross amount of premiums received during the preceding calendar year for business done in this state,

whether such premiums were in the form of money, notes, credits, or any other substitute for money, shall be paid annually into the treasury of the state, on or before the first day of June, by the following corporations:

" 1. Every domestic insurance corporation, incorporated, organized or formed under, by, or pursuant to a general or special law;

" 2. Every insurance corporation, incorporated, organized or formed under, by, or pursuant to the laws of any other state of the United States, and doing business in this state, except a corporation doing a fire insurance business or a marine insurance business;

" 3. Every insurance corporation, incorporated, organized or formed under, by, or pursuant to the laws of any state without the United States, or of any foreign country, except such a corporation doing a life, health or casualty insurance business, and doing business in this state; but the tax on gross premiums of a corporation so incorporated, organized or formed and doing a fire or marine insurance business within ·the state shall be equal to five-tenths of one per centum. * * * *The taxes imposed by this section shall be in addition to all other fees, licenses or taxes imposed by this or any other law."

The provisions of this amendment increased the franchise tax as to domestic and foreign insurance corporations, with the exceptions specified in the act, but as to foreign corporations organized for fire and marine insurance their franchise tax remained unchanged at five-tenths of one per centum. It is thus apparent that the legislative purpose was to effect a general increase in the franchise tax upon insurance cor- porations which had theretofore been taxable, and this was accomplished by increasing the tax from five-tenths of one per centum to one per centum. True, foreign corporations doing a marine insurance business did not, in terms, have their taxes increased, but instead thereof we have the provision that the tax imposed by this section shall be in addition to those imposed by any other law. Under the law as it had thereto-

fore existed the defendant corporation, as we have seen, was assessed a franchise tax of five-tenths of one per centum, which it deducted from the two per centum tax payable, under the Insurance Law, to the superintendent of insurance. It, therefore, was required to pay a tax of two per centum upon the amount of all its premiums upon insurance collected or agreed to be paid in this state. By making the five-tenths of one per centum *in addition* to the tax authorized by other statutes, the effect was to increase the defendant's tax in the amount of one-half of one per centum, which is the amount that other corporations, domestic and foreign, have had their taxes increased by the provisions of this act. While we recognize the correctness of the rule invoked by the appellant with reference to the interpretation of statutes, and that repeals by implication are not favored in the law, yet the legislative intent in this case is so clearly apparent that we think the provision of the Insurance Law providing for a deduction of such taxes must be deemed to have been repealed by implication by the latter statute, and that the franchise tax imposed upon the defendant was intended to be " in addition to all other fees, licenses or taxes imposed by this or any other law."

The judgment should be affirmed, with costs.

Parker, Ch. J., Gray, Bartlett, Vann, Cullen and Werner, JJ., concur.

Judgment affirmed.