(102 App. Div. 21.)

PEOPLE ex rel. HURD v. McCLELLAN, Mayor, et al.

(Supreme Court, Appellate Division, Second Department. February 15, 1905.)

1. JUDGES—COMPENSATION—STATUTE.

Code Civ. Proc. § 1151, as amended by Laws 1901, p. 801, c. 299, relating to the drawing of jurors in Kings county, provides that the board of supervisors of the county must allow to each judge, including each Justice of the Supreme Court, for services performed by him as prescribed in the article, such compensation as the board deems reasonable, and that the board of estimate and apportionment of the city of New York may fix the same, and shall provide the money to pay such compensation. *Held*, that such provision contemplated the fixing of compensation for such services in advance.

2. SAME—LACHES.

Where relator rendered such services as county judge from year to year throughout his term, knowing that no provision for compensation therefor had been made, and took no steps to recover compensation therefor until more than two years after the close of his term, he thereby acquiesced in such construction of such section, and was not thereafter entitled to compel the board of estimate and apportionment to make an allowance therefor.

Appeal from Special Term, Kings County.

Mandamus by the people, on relation of William B. Hurd, Jr., to compel George B. McClellan, as mayor of the city of New York, and others, composing the board of estimate and apportionment, to meet, ascertain, and pass on relator's claim for services rendered by him for participating in the drawing of grand and trial jurors for service in courts of record in the county during his term as county judge, between January 1, 1896, and December 31, 1900, as provided by Code Civ. Proc. § 1151, as amended by Laws 1901. From an order granting the writ, respondents appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

James D. Bell, for appellants.

Robert H. Elder (Edward H. M. Roehr and Arthur J. Martin, on the brief), for respondent.

PER CURIAM. Similar provisions and this provision have been construed repeatedly and invariably as contemplating compensation fixed in advance for the services. Such services have heretofore been rendered by county judges and by judges of the City Court upon the assumption that, inasmuch as compensation had not been so fixed for them, they should not receive it. See Matter of W. S. A. & P. R. Co., 115 N. Y. 442, 447, 22 N. E. 356; Easton v. Pickersgill, 55 N. Y. 310; Sutherland on Stat. Cons. § 309. The present provision, so far as it affects the relator, was in force when he took office. We must presume that he knew of it. He rendered these services from year to year, throughout his term, without seeking action to afford him any compensation for them. The first intimation or suggestion of any claim therefor is a demand made more than two years after the close of his term, and consequently after the end of his services. We think that the relator has so far acquiesced in this practical construction as to forfeit all right to the relief demanded.

The order should be reversed, without costs, and the application denied, without costs.

HOOKER, J., not voting.