THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRONX
PARKWAY COMMISSION, Respondent, *v.* THE COMMON
COUNCIL and THE BOARD OF ESTIMATE AND APPOR-
TIONMENT OF THE CITY OF YONKERS et al., Appellants.

Statutes — repeal by implication — what must appear to
sustain decision that a statute is repealed by implication —
tax — when lands, included in Bronx water system of New York
city, subject to assessment and taxation for construction of
trunk sewer.

1. A repeal by implication is not favored and will be upheld only
where the repugnancy between the two statutes is plain and unavoid-
able. But where the provisions of a later statute cannot be given
effect without the repeal of a former statute, then the primary and
fundamental question to be determined is, " What did the legislature
intend?" Such intent must be gathered from the language used, and
whenever there is a clear repugnancy, so that either one statute or
the other must fall, then the later one must be held to have repealed
the former.

2. It is provided by chapter 594 of the Laws of 1907, as amended
by chapter 757 of the Laws of 1913, which is an act to provide for
preserving the waters of the Bronx river from pollution, that the title
of all real estate required for carrying out the provisions of the act
shall be taken in fee and shall be exempt from assessment and taxa-
tion. By chapter 646 of the Laws of 1905 provision was made for
the building of a trunk sewer within the area in which the real estate
taken for the preservation of the waters of the Bronx is situated.

1

An amendment to said act (L. 1917, ch. 646) provided that all lots or parcels of land within such areas should be subject to taxes and assessments to pay the cost of the construction of the sewer. The former statute exempts the property from taxation and assessment, while the latter subjects it thereto. *Held,* that there is a clear repugnancy between the statutes and that the prior statute must give way to the later.

3. Whatever may be the legislative policy with reference to taxing property devoted to a public use for local improvements, such policy must necessarily disappear when a valid statute has been enacted, which clearly indicates that the property specified is made liable to taxation and assessment.

*People ex rel. Bronx Parkway Comm.* v. *Common Council,* 190 App. Div. 957, reversed.

(Argued April 13, 1920; decided April 27, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 23, 1920, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*William A. Walsh, Corporation Counsel* (*Thomas M. Smith* of counsel), for city of Yonkers, appellant. The property of the Bronx parkway is only entitled to exemption from assessment or taxation by reason of the provisions of the Bronx Parkway Act, as amended by chapter 757 of the Laws of 1913, and any such exemption so far as it relates to any assessment or tax for the cost and maintenance of the Bronx valley sanitary sewer passing through the domains of the Bronx parkway commission is repealed by the Bronx Valley Sanitary Sewer Act, as amended by chapter 646 of the Laws of 1917. (*People ex rel. Bockes* v. *Wemple,* 115 N. Y. 302; *Matter of Washington St. A. & P. R. R. Co.,* 115 N. Y. 442.) The Bronx valley sanitary sewer assessment is a valid tax and not subject to exemption. (*Matter of Turfler,* 44 Barb. 46; *Roosevelt Hospital* v. *Mayor, etc.,* 84 N. Y.

108; *Matter of St. Joseph's Asylum,* 69 N. Y. 353; *Batterman* v. *City of New York,* 65 App. Div. 576.)

*William A. Davidson* and *Charles M. Carter* for county of Westchester, appellant. The Bronx parkway property is liable for the Bronx sewer tax. (L. 1917, ch. 646, § 1; L. 1918, ch. 535; L. 1917, ch. 646, § 2, subds. A, B; L. 1917, ch. 646, § 13; *N. Y., N. H. & H. R. R. Co.* v. *Port Chester,* 149 App. Div. 893; *Matter of Murray Hill Bank,* 153 N. Y. 199; *Matter of Montifiore Home* v. *Prendergast,* 159 App. Div. 644; *Matter of Brigham* v. *City of New York,* 227 N. Y. 575; *Carroll* v. *McArdle,* 216 N. Y. 232; *Matter of Brooklyn C. A. Society* v. *Prendergast,* 166 App. Div. 852; *Lyddy* v. *L. I. R. R. Co.,* 104 N. Y. 218; *Stack* v. *City of Brooklyn,* 150 N. Y. 335; *Matter of W. S. A. & P. R. R. Co.,* 115 N. Y. 442.)

*Charles Harvey Peck* and *Theodosius Stevens* for respondent. Municipal property held for a public use is exempt from taxes and assessments unless specifically subjected to them by statute. (*Matter of Hamilton,* 148 N. Y. 314; *People* v. *Hess,* 157 N. Y. 42; *People ex rel. Atkins* v. *Buffalo,* 63 App. Div. 565; *People ex rel. Hollock* v. *Purdy,* 72 Misc. Rep. 125; *Clark* v. *Sprague,* 113 App. Div. 645; *Elwood* v. *City of Rochester,* 43 Hun, 102; 122 N. Y. 229; *Schenectady* v. *Trustees,* 144 N. Y. 241; *Smith* v. *City of Buffalo,* 159 N. Y. 427; *Rochester* v. *Town of Rush,* 80 N. Y. 302; *People ex rel. Davidson* v. *Gilon,* 126 N. Y. 147.) The assessment is void because the Sewer Act does not by its terms affect the exemption of the Bronx parkway lands from assessments. (*Matter of B. C. A. Society,* 166 App. Div. 856; *Hassan* v. *City of Rochester,* 67 N. Y. 533; 5 Corpus Juris, 819; *Matter of St. Joseph's Hospital,* 69 N. Y. 353; *Tucker* v. *City of Utica,* 35 App. Div. 175; Cooley on Taxation [3d ed.], 362; *Archer* v. *City of Mount Vernon,* 63 App. Div. 287; 171 N. Y. 639; *Smadbeck* v. *City of Mount Vernon,* 124 App. Div. 518; *Matter of Locust*

*Ave.*, 93 App. Div. 416; *People ex rel. Empie* v. *Smith*, 216 N. Y. 95; *Grimmer* v. *Tenement House Dept.*, 204 N. Y. 370; *County of Orange* v. *Ellsworth*, 98 App. Div. 279; *Staten Island Water Supply Co.* v. *New York City*, 144 App. Div. 318.) The assessment is void on its face by reason of the manner in which it was made. (*McInnis* v. *City of New Rochelle*, 99 Misc. Rep. 388.)

McLAUGHLIN, J. The defendants separately appeal from an order of the Appellate Division, second department, affirming an order of the Special Term granting a motion for a peremptory writ of mandamus. The writ directs the common council and board of estimate and apportionment of the city of Yonkers to cancel an assessment, for the purposes of taxation for the year 1918, upon land, the title to which is in the relator.

The relator was created by chapter 594 of the Laws of 1907. The act is a long, complicated one, but it is unnecessary to refer to but a few of its provisions. It is entitled: "An Act to provide for preserving the waters of the Bronx river from pollution; creating a reservation of the lands on either side of the river; authorizing the taking. of lands for that purpose and providing for the payment thereof, and appointing a commission to carry out the purposes of the Act." Section 1 provides that certain lands described, extending along the banks of the Bronx river, shall be set aside and reserved and constitute, when acquired, a public parkway for public use. Section 2 provides for the appointment by the governor of a commission of three citizens of the state, one a resident of the borough of Manhattan; one of the borough of The Bronx, and one of the county of Westchester, to be known as the Bronx parkway commission, which is to carry out the provisions of the act in the manner directed for the purpose of establishing a public park. Section 5 makes the commissioners and their successors a body politic. And section 10 provides that " The title to all real estate

required for carrying out the provisions of this act, shall be taken in the name of the Bronx Parkway Commission, in fee." This section was amended by chapter 757 of the Laws of 1913, by adding after the word "fee" the words "and shall be exempt from taxes and assessments."

The land specified in the act was acquired and the park created. In 1917 the assessment in question was, for the purposes of taxation in 1918, imposed upon a part of the lands constituting the park. This assessment, the relator contends, was void, since the land was not liable "to taxes and assessments" under the amendment of 1913, for which reason the appellants the common council and the board of estimate and apportionment of the city of Yonkers were properly directed to strike the same from the assessment roll. Such appellants contend that the lands were properly assessed under the provisions of chapter 646 of the Laws of 1917.

In order to pass upon their respective contentions, it is necessary to refer at some length to the latter statute. In 1905 an act was passed (Chap. 646) to provide for the construction and maintenance of a sanitary trunk sewer and sanitary outlet sewer in the county of Westchester and to provide means for the payment therefor. Several amendments were thereafter made to the act (Laws of 1911, chap. 869; Laws of 1912, chap. 550; Laws of 1914, chap. 487; Laws of 1916, chap. 44, and Laws of 1917, chap. 646). It is unnecessary to consider any of these amendments except the one made in 1917, which necessarily determines whether the assessment in question was properly made. The act is entitled: "An Act to supplement chapter six hundred and forty-six of the laws of nineteen hundred and five, entitled 'An Act to provide for the construction and maintenance of a sanitary trunk sewer and sanitary outlet sewer in the county of West-chester, and to provide means for the payment thereof,' as amended; to fix and determine the area benefited by the trunk sewer and outlet sewer constructed and main-

tained under the provisions of said act, as amended, and to provide for taxes and assessments within and without such benefited area to pay the cost of constructing, maintaining and operating the said trunk sewer and outlet sewer."

The preamble to the act recites: " WHEREAS, pursuant to the provisions of this act and the amendments thereto to which this act is a supplement a sanitary trunk sewer in the Bronx valley in the county of Westchester and an outlet sanitary sewer to the Hudson river through the city of Yonkers, in said county, have been constructed and are now being maintained and operated, and

" WHEREAS, as provided in said act as amended the commissioners appointed by said act did adopt and cause to be filed a map or plan showing the area to be benefited, and

" WHEREAS, such map or plan includes certain land which in equity should not be included in the benefited area and excludes certain land which in equity should be included therein, and it is therefore deemed necessary to fix and determine the area benefited by such trunk sewer and outlet sewer,   *   *   *."

Section 1 provides that the district or area in the county of Westchester, including therein all or any part of the cities of Yonkers, Mount Vernon and White Plains, and the towns of Eastchester, Scarsdale and Greenburgh, thereafter particularly described, shall be known as the Bronx valley sanitary sewer district " and all lots or parcels of land within such district or area are declared to be benefited by the construction and maintenance of the trunk sewer and outlet sewer constructed and maintained under the provisions of the act and the amendments thereto to which this act is a supplement and, except as hereinafter provided, shall be subject to the taxes or assessments imposed by this act to pay the cost of the construction of such sewer and of maintaining and operating the same, and to pay all indebtedness with interest

thereon incurred in the construction, maintenance and operation thereof, or in connection therewith,  *  *  *;" and that no lots or parcels of land in such Bronx valley sanitary sewer district shall be exempt from the taxes and assessments imposed by this act except such as may belong to the United States or are used as a cemetery. Then follows a specific description, by metes and bounds, of the district or area constituting the Bronx valley sanitary sewer district and which includes the lands upon which the assessment in question has been made.

Section 2 provides that the annual assessment rolls in each city or town, in whole or in part within the Bronx valley sanitary sewer district, shall be used for the purpose of the Bronx valley sanitary sewer district tax. In addition to all other requirements of law the assessors in each city and town included in whole or in part within the Bronx valley sanitary sewer district, as defined in the act, shall make the annual assessment rolls in such form, by proper subdivision of the assessment roll, or by separate columns therefor, or by both of said methods, or otherwise, as shall, "(a) Show and identify all lots or parcels of land in such city or town which shall be within the Bronx valley sanitary sewer district, as defined in this act. Among the lots or parcels of land so shown and identified as being within the Bronx valley sanitary sewer district shall be included all lots or parcels of land exempt or partially exempt from taxation by the provisions of any general, local or special law with the exception of lots or parcels of land belonging to the United States or used for cemetery purposes and all such exemptions so shown or identified shall be assessed for the tax provided for in this act in the manner provided by law for lots or parcels of land which are not exempt from taxation."

Section 13 provides that " all acts and parts of acts in conflict herewith are hereby repealed."

The real and underlying question presented by the appeal is whether the amendment, added to section 10

8 People ex. rel. B. P. Comm. *v.* Common Council.

[229 N. Y.]        Opinion, per McLaughlin, J.        [April,

by chapter 757 of the Laws of 1913, was repealed by chapter 646 of the Laws of 1917. The amendment of 1913, as already indicated, added after the word " fee " the words " and shall be exempt from taxes and assessments." It certainly was not specifically repealed, but considering the broad language used in providing what lands should be assessed, I am of the opinion the provision was repealed by implication. I am aware that a repeal by implication is not favored and will be upheld only where the repugnancy between the two statutes is plain and unavoidable. (*Peterson* v. *Martino,* 210 N. Y. 412.) But where the provisions of a later statute cannot be given effect without the repeal of a former statute, then it is a general rule that the former must be deemed to be repealed by implication. (*Matter of Washington Street Asylum & Park R. R. Co.,* 115 N. Y. 442; Book 1, McKinney's Cons. Laws, Statutes and Statutory Construction, section 178.) In such case the primary and fundamental question to be determined is, " What did the legislature intend? " Such intent, of course, must be gathered from the language used and whenever there is a clear repugnancy, so that either one statute or the other must fall, then the later one must be held to have repealed the former. (Book 1, McKinney's Cons. Laws, section 171; *People* v. *Thames & M. Marine Ins. Co.,* 176 N. Y. 531.)

In the instant case the amendment of 1913 and the act of 1917 in relation to taxes and assessments on the relator's property cannot both be enforced. The former exempts the property from taxation and assessment, while the latter subjects it thereto, and under the rule above stated the prior statute must give way to the later. This is precisely what I think the legislature intended. The language used in the act of 1917 removes any doubt there might be on that subject. The relator's property is included in the Bronx valley sanitary sewer district and all lots or parcels of land within such district are subject

to the taxes and assessments imposed for the purposes stated "*except such as may belong to the United States or are used as a cemetery.*" The exception emphasizes, if that were necessary, the legislative intent.

But it is suggested that there exists a legislative policy not to include within the purview of statutes providing for local improvements land devoted to public use, except by express provision, and not by general language. That the legislature has power to tax such lands for local improvements is not open to question. This court has held that the legislature has power to authorize even lands of the state to be assessed for such improvements. (*Hassan* v. *City of Rochester,* 67 N. Y. 528.) Whatever may be the legislative policy with reference to taxing property devoted to a public use for local improvements, such policy must necessarily disappear when a valid statute has been enacted, which clearly indicates that the property specified is made liable to taxation and assessment. Here, that fact does appear if effect is to be given to the language used. The court's duty is to construe statutes, not make them.

Entertaining this view, I am of the opinion it must be held that the amendment of 1917 repeals so much of section 10 of the Laws of 1913 as exempted the relator's property from taxation and assessment for the Bronx valley sanitary sewer.

The assessment was properly made. It is not void on its face, as contended by the relator. The land is identified as assessed, and the proper notice was given. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Mealey,* 224 N. Y. 187.) The statute does not require that separate parcels occupied as one tract shall be assessed as a single parcel. All that is required is that the assessors shall comply with the statute by putting in appropriate columns the statement required. It is immaterial whether the land described constitutes one parcel with a single valuation, or whether it is described as separate parcels with the

valuation of each parcel stated. (*People ex rel. Bourne v. Howell,* 106 App. Div. 140.)

The conclusion thus reached renders it unnecessary to pass upon the other questions raised.

The order appealed from, therefore, should be reversed, with costs in all courts, and the writ dismissed.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, CRANE and ELKUS, JJ., concur.

Orders reversed, etc.