PEOPLE ex rel. BOURNE v. HOWELL et al.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. TAXATION OF LAND—MODE OF ASSESSMENT—CONTIGUOUS TRACTS—SCHOOL DISTRICTS—ASSESSMENT AS ONE TRACT.

Laws 1896, p. 801, c. 908 (Tax Law) § 10, provides that, "if a farm or lot is divided by a line between two or more tax districts, it shall be assessed to the owner in the district in which he resides." Laws 1894, p. 1235, c. 556, § 63 (Consolidated School Law, § 147), provides that "land lying in one body and occupied by the same person, if assessed as one lot on the last assessment roll of the town after revision by the assessors, shall, though situated partly in two or more school districts, be taxable in that one of them in which such occupant resides." Tax Law, Laws 1896, p. 803, c. 908, § 21, providing the method of assessment, contains no requirement that separate parcels occupied as one tract be assessed as a single parcel. The provisions of the consolidated school law relating to assessments prescribe a rule to govern the school trustees, who are made

the assessing officers, and in no respect define the duties of town assessors, whose only duties respecting school districts are contained in Tax Law, § 39 (page 812), providing for the apportionment by them of the valuation of railroad, telegraph, etc., companies between school districts. School district trustees are required to ascertain the valuations of taxable property so far as possible from the last assessment roll of the town. Rev. St. 1829, pt. 1, c. 15, tit. 2, § 76, relating to common schools, as originally adopted, provided that "on making out a tax list the trustees shall apportion the tax on all the taxable inhabitants within the district according to the valuations of the taxable property owned by them * * * within the district, or which, being intersected by the boundaries of the district, shall be so owned * * * by them partly in such district and partly in any adjoining district." *Held*, that the owner of contiguous parcels of land occupied as one tract, and situated wholly within a single tax district, has no absolute right to have it described on the town assessment roll as one tract, in order that he may insist on its assessment for school purposes exclusively in the school district wherein he resides.

2. SAME—PLACE OF TAXATION.

　　In general, the location of land, and not the residence of the owner thereof, determines where it is taxable, and, except so far as otherwise provided by statute, land is taxable in the district where situated, whether a school or a tax district.

　Appeal from Special Term, Suffolk County.

　Certiorari by the people, on the relation of Frederick G. Bourne, against George B. Howell and others, as assessors of the town of Islip, to review an assessment of real property. From a final order of the Supreme Court dismissing the writ, relator appeals. Affirmed.

　Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

　Joseph Wood, for appellant.

　Walter H. Jaycox, for respondents.

　MILLER, J. The relator seeks by certiorari to review the assessment of his real property made by the assessors of the town of Islip, Suffolk county. No question is raised as to overvaluation or inequality of assessment, but it is claimed that the assessment is illegal in that one continuous tract is assessed as separate parcels. The portion in respect to which the claim of illegality is made consists of 1,092 acres, made up of irregular parcels conveyed to the relator by some 16 different conveyances forming a continuous tract except as separated by the highway and a railroad. It is occupied by the relator and his servants as one tract, and for the purposes of this appeal may be deemed one continuous tract, made up, however, of separate parcels having distinctive names, all situated in one tax district, but in three school districts. The property is assessed to the relator as eight parcels, each parcel being described by name and by number of school district in which located. In the appropriate column in the assessment roll is placed the number of acres of each, and opposite that in the following column the valuation on each, the name of the relator being repeated in the first column of the assessment roll opposite the name of each parcel. The relator claims that it should have been described as a single parcel, with

one valuation for the whole, and bases his contention upon section 10 of the tax law (Laws 1896, p. 801, c. 908) and section 147 of the consolidated school law, being section 63 of chapter 556, p. 1235, of the Laws of 1894. Section 10 of the tax law, so far as applicable, provides: "If a farm or lot is divided by a line between two or more tax districts, it shall be assessed to the owner in the district in which he resides." Section 147 of the consolidated school law, so far as applicable provides: "Land lying in one body and occupied by the same person, either as owner or agent for the same principal, or as tenant under the same landlord, if assessed as one lot on the last assessment roll of the town after revision by the assessors, shall, though situated partly in two or more school districts, be taxable in that one of them in which such occupant resides." And the question is presented whether the owner of contiguous parcels of land occupied as one tract, and situated wholly within a single tax district, has an absolute right to have it described on the town assessment roll as one tract, in order that he may insist on its being assessed for school purposes by the school trustee in the school district in which he resides, and excluded from assessment in the other school districts. No reported case has been called to our attention in which this question is even indirectly involved, the cases cited all having reference to the assessment of land lying in two or more towns, or to the assessment by school trustees of land lying in two or more school districts assessed as one lot on the town assessment roll. Section 10 of the tax law, supra, was undoubtedly designed to prevent an owner being assessed for the same property in more than one tax district, and to that end to prevent possible controversies between the owner and different tax districts. It will be noticed that it does not provide that such land be assessed as one parcel. It simply provides that it shall be assessed to the owner in the tax district in which he resides, and so that it be thus assessed it would seem to be quite immaterial how it is described, except that the description must comply with the provisions of the tax law. Section 21 of the tax law provides the method of assessment, and by it the assessors are required to set down in the first column the names of all the taxable persons in the tax district; in the second column the quantity of real property taxable to each person, with a statement thereof in such form as the commissioners of taxes shall prescribe; and in the third column the full value of such real property. There is no requirement here that separate parcels occupied as one tract shall be assessed as a single parcel, and, if the assessors comply with this statute by setting down in the appropriate columns the statements required, it would seem to be quite immaterial whether the land is described as one parcel, with a single quantity and valuation for the entire amount stated, or whether it is described as separate parcels, with the quantity and valuation of each separately stated; and in fact where the tract comprises different parcels, some cultivated and others not, with very valuable improvements upon some and other portions unimproved, it would seem to be at least convenient for the assessors to value each parcel separately, and an owner whose land was thus

assessed would be able by an inspection of the roll to determine much more accurately the basis adopted by the assessors in valuing his property. No claim is made here that the assessors failed to comply with the forms prescribed by the state tax commissioners. It seems clear, therefore, that, unless something is to be read into the tax law, the relator has failed to point out any illegality in the mode of assessment adopted in this case. But it is claimed that section 147 of the consolidated school law demonstrates an intention on the part of the Legislature that the rule of assessment applying to land situated in two or more towns or tax districts should apply to land situated in two or more school districts. It is to be observed that the provisions of the consolidated school law relating to assessments prescribe a rule to govern the school trustees who are made the assessing officers, and in no respect attempts to define the duties of town assessors; the only duties imposed upon town assessors in respect to school districts being that contained in section 39 of the tax law, which provides for the apportionment by them of the valuation of railroad, telegraph, telephone, and pipe line companies between school districts. School district trustees are required to ascertain the valuations of taxable property so far as possible from the last assessment roll of the town, and land lying in one body and occupied by the same person shall be assessed in the district in which such occupant resides, "if assessed as one lot on the last assessment roll of the town after revision by the assessors." This plainly contemplated that such land might not in all cases be assessed as one lot on the assessment roll of the town. This statute was clearly not intended, therefore, to give the owner the absolute right to be assessed and pay taxes only in the school district in which he resided, on the theory, as claimed by the relator, that there he had a right to vote. In general, the location of the land, and not the residence of the owner, determines where it shall be taxable, and the provisions respecting parcels situated in two or more tax districts were adopted only for the purpose of preventing confusion and possible assessment in more than one place, and, except so far as the statute provides a different rule, land is liable to taxation in the district where situated, whether it be a school district or a tax district as defined by the statute, and the provisions of the consolidated school law referred to were clearly adopted so that school trustees, in assessing land in their respective districts, should follow so far as possible the method of assessment adopted by the town assessors, thereby assuring a uniform rule of assessment, and the avoidance of the possibility of land being assessed in more than one district. This is made still more clear by reference to the provisions of the Revised Statutes relating to common schools, as originally adopted. Section 76, tit. 2, c. 15, pt. 1, of the Revised Statutes of 1829, provides:

"In making out a tax list, the trustees shall apportion the tax on all the taxable inhabitants within the district, according to the valuations of the taxable property which shall be owned or possessed by them, at the time of making out the list within the district, or which being intersected by the boundaries of the district, shall be so owned or possessed by them, partly in such district and partly in any adjoining district."

It will thus be seen that by this provision land lying in one body and in more than one school district was to be assessed by the trustee in the district where the occupant resided, and this was not made to depend in any respect upon the mode of the town assessment. The change in the statute indicates an intention to make the school assessment comply as nearly as practicable with the mode of the town assessment, and, instead of strengthening the position of the relator, tends strongly to indicate that the town assessors were not required to assess the land to the relator as one parcel.

As the mode of assessment adopted by the respondents was not illegal, the writ was properly dismissed, and the final order appealed from should be affirmed, with costs. All concur.