THE PEOPLE OF THE STATE OF NEW YORK ex rel. SARAH S. CHAMPLIN et al., Respondents, v. HANNIBAL GRAY et al., Composing the Board of Assessors of the Village of Yorkville, Appellants.

1. TAX LAW — VILLAGES — WHEN VILLAGE NOT A SEPARATE TAX DISTRICT WITHIN DEFINITION OF TAX LAW. A village, incorporated under the Village Law (L. 1897, ch. 414), whose board of assessors has no power to assess property for state or county taxes, is not a tax district within the definition thereof contained in the Tax Law (L. 1896, ch. 908, § 2, subd. 1).

2. SAME — WHEN FARMING LAND WITHIN VILLAGE LIMITS IS ASSESSABLE FOR VILLAGE TAXES ALTHOUGH REMAINDER OF FARM UPON WHICH OWNERS RESIDE IS OUTSIDE OF THE VILLAGE — WHEN NOT EXEMPT UNDER SECTION 10 OF TAX LAW. Where part of a single farm, occupied and cultivated according to the usual course of husbandry in the neighborhood, is situated within the limits of a village, incorporated under the Village Law (L. 1897, ch. 414), the remainder of the farm, upon which the owners reside, being outside the boundaries of the village in the township surrounding it, an assessment for village purposes upon the land situated within the limits of the village is not illegal, unauthorized and void under section 10 of the Tax Law, as in force at the time of the assessment (L. 1896, ch. 908, § 10, as amd. by L. 1898, ch. 537, and L. 1902, ch. 200), which provided that, "If a farm or lot is divided by a line between two or more tax districts and the owner resides thereon, it shall be assessed to him in the district in which he resides," since such village is not a tax district and such farm cannot truly be said to be divided by a line between two or more tax districts within the operation and scope of the Tax Law.

3. APPEAL — CERTIORARI TO REVIEW ASSESSMENT — WHEN OBJECTIONS TO ASSESSMENT CANNOT BE CONSIDERED IN COURT OF APPEALS. Objections to the validity of an assessment not specified and presented to the board of assessors on grievance day cannot be considered by the Court of Appeals upon an appeal from an order of the Appellate Division affirming a judgment of the Special Term vacating an assessment in a certiorari proceeding under the Tax Law.

*People ex rel. Champlin* v. *Gray*, 109 App. Div. 116, reversed.

(Argued May 4, 1906; decided May 15, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 15, 1905, which affirmed an order of Special Term

1906.]     People ex rel. Champlin *v.* Gray.     **197**

N. Y. Rep.]   Opinion of the Court, per Willard Bartlett, J.

vacating and setting aside an assessment upon real property of relators.

The facts, so far as material, are stated in the opinion.

*Thomas D. Watkins* for appellants.   The board of assessors rightfully assessed the relators' property, because said village is not a "tax district," within the meaning of the Tax Law. (3 C. & G. Gen. Laws, 3877, 3887, §§ 3, 9; 3 C. & G. Gen. Laws, 3888, § 10; L. 1902, ch. 200; 3 C. & G. Gen. Laws, 3875, § 2; 2 C. & G. Gen. Laws, 1640; 3 C. & G. Gen. Laws, 4389, § 141.)   This assessment cannot be set aside because the relators have been assessed as residents instead of non-residents, for the reason that the relators neither raised that question on grievance day nor by their petition, and, therefore, they cannot raise it now.   (*Matter of Winegard,* 78 Hun, 58; *Hilton* v. *Fonda,* 86 N. Y. 339; 3 C. & G. Gen. Laws, 4024, § 250.)

*Josiah Perry* for respondents.   The residence and farm buildings being located outside of the village corporation, the assessed plots forming a part of the farm, are exempt from taxation for the purposes of the village of Yorkville. (1 R. S. 389; L. 1813, ch. 35, § 22; *Hampton* v. *Hampshire,* 46 Hun, 144; L. 1886, ch. 351; *Dorn* v. *Backer,* 61 N. Y. 261; *People ex rel.* v. *Wilson,* 125 N. Y. 368; *Zebo* v. *City of Brooklyn,* 134 N. Y. 341; *Gordon* v. *Backer,* 71 Hun, 282; *Budd* v. *Allen,* 69 Hun, 535; *People ex rel.* v. *Gaylord,* 53 Hun, 635; *Casterton* v. *Town of Vienna,* 17 App. Div. 94; 163 N. Y. 368.)   The definition of tax district, as given by the present statute, does not make this land assessable by the assessors of the village of Yorkville.   (*Salter* v. *Tobias,* 3 Paige, 338; *M. L. Ins. Co.* v. *Jenkins,* 16 N. Y. 424; *W. W. M. Co.* v. *Shanahan,* 128 N. Y. 345; *Matter of N. F. & W. Co.,* 108 N. Y. 375; *People* v. *Kipley,* 171 N. Y. 111; *People ex rel.* v. *Wilson,* 125 N. Y. 368.)

Willard Bartlett, J.   The trial court has found, and the Appellate Division has unanimously sustained the finding, that

the relators' lands lying within the limits of the village of Yorkville, which the defendants in 1903 assumed to assess for village purposes, form part of a single farm which the relators occupy and cultivate according to the usual course of husbandry in the neighborhood, the remainder of the farm, upon which the relators reside, being outside the boundaries of the village, in the town of Whitestone in the county of Oneida.

Both the courts below have held the assessment to be illegal, unauthorized and void under section 10 of the Tax Law, as in force at the time of the assessment.  That section then read as follows : " If a farm or lot is divided by a line between two or more tax districts and the owner resides thereon, it shall be assessed to him in the district in which he resides."  (Laws of 1896, chap. 908, § 10, as amended by Laws of 1898, chap. 537, as amended by Laws of 1902, chap. 200.)  The conclusion reached at Special Term and in the Appellate Division involves the assumption that the relators' farm in question is situated partly in a tax district consisting of the village of Yorkville and partly in a tax district consisting of the town of Whitestone.  The result is that the portion located in the village has thus far wholly escaped taxation for village purposes.

The correctness of the assumption which has led to this result depends upon the question whether an incorporated village can fairly be deemed to constitute a tax district within the definition contained in the Tax Law, which is in these words : " ' Tax district,' as used in this chapter, means a political subdivision of the state having a board of assessors authorized to assess property therein for state and county taxes." (Laws of 1896, chap. 908, § 2, subd. 1.)

The village of Yorkville is a political subdivision of the state having a board of assessors, but that board is *not* authorized to assess property therein for state and county taxes.  How then is the conclusion reached that the village is a tax district within the meaning of the Tax Law ?

I confess that I am unable to follow the process of reasoning which has enabled the courts below to arrive at that conclusion.

It is supposed to be supported by section 104 of the Village Law, which requires the village assessors, on or before specified dates in each year, to " prepare an assessment roll of the persons and property taxable within the village *in the same manner and form* as is required by law for the preparation of a town assessment roll." (Laws of 1897, chap. 414., § 104.) The argument of the respondents is that the direction to prepare the village assessment roll not only in the same form but in the same *manner* as a town assessment roll is prepared imports an obligation on the part of the village assessors to adopt the same system and method of assessing village property as town assessors are required to observe in making their assessments. But conceding this for the purpose of the argument, the respondents must go still further to maintain their position. The authority of town assessors, under section 10 of the Tax Law, to refrain from assessing farm property in their own town exists only in the case of such farms as are divided by a line between two or more tax districts, and the owner resides in the other district. The authority of village assessors can be no greater in respect to a farm situated partly in the village and partly in an adjoining town. Unless the village is a *tax district*, such a farm cannot truly be said to be divided by a line between two or more tax districts, within the scope and operation of the statute, and that a village, whose board of assessors has no power to assess property for state or county taxes, does not fall within the definition of a tax district as established by the Tax Law seems to me too plain for argument.

It is said that " the natural definition of a tax district would include the village of Yorkville ; " but here we have to deal not with a question of etymological meaning but with an express statutory definition, and one of a very precise and specific character. Still further it is asserted that " the defining of particular words in a statute by the Legislature has been condemned by the courts ; " and in support of this statement reference is made to *Salters* v. *Tobias* (3 Paige Ch. 338) and *Mutual Life Ins. Co.* v. *Jenkins* (16 N. Y. 424). Those

cases deal, not at all with statutory definitions prospective in their operation, like that under consideration here, but with declaratory enactments which were held to be ineffective to deprive individuals of vested rights acquired under pre-existing statutes; and in the second case cited the power of the Legislature to introduce new rules of construction for the future was expressly recognized. So far as I have been able to discover, the right of the Legislature to define the meaning of particular phrases employed in a statute or the duty of the courts to recognize definitions thus established has never been seriously questioned.

Nor does it seem to me that the cases cited in the opinion of the learned Appellate Division have any application to the question presented here. In *People ex rel. Vanderveer* v. *Wilson* (125 N. Y. 367) it was held that under an amended provision of the Revised Statutes, in force in 1888, a compact farm, partly in the city of Brooklyn and partly in adjoining towns in Kings county, the occupant of which lived on the portion within the city, was properly assessed therein. The decision suggests the harshness of legislation which made land lying outside the limits of a municipality subject to taxation therein for municipal purposes; but it is difficult to perceive how any similar feature exists in this village assessment which attempts to reach only that portion of the relators' farm actually situated within the village. In *Hampton* v. *Hamsher* (46 Hun, 144) the construction of certain portions of the Revised Statutes was also involved and these were declared not to contemplate that farms intersected by town lines were to be assessed in one town for highway purposes and in another town for town, county and state purposes. No analogous question arises here, where it is sought only to assess lands within a village for village purposes.

If the views which have been expressed are correct it was error to adjudge the assessment invalid on the ground stated in the decision at Special Term. Other objections to its validity are now suggested, but the only one specified to the board of assessors on grievance day was that the land was

assessable in the town of Whitestone and not in the village of Yorkville. Under the circumstances the sufficiency of the other objections is not now open for judicial consideration. (*Hilton* v. *Fonda*, 86 N. Y. 339.)

The order should be reversed and determination of the assessors confirmed, with costs in all courts.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur; HISCOCK, J., not sitting.

Ordered accordingly.