(53 Misc. Rep. 474)

## CHAMBERLAIN v. SHERMAN et al.

(Supreme Court, Equity Term, Wayne County. February 28, 1907.)

TAXATION—REAL ESTATE—ASSESSMENT—TRACT IN TWO DISTRICTS.

> Tax Law, § 10, Laws 1896, p. 801, c. 908, provides if land is divided by a line between two tax districts it shall be assessed in the district where the "dwelling house or other principal buildings" are located. Plaintiff owned a 1,335-acre tract of land, 575 acres in the town of H. and the remainder in the town of S., title to the S. land having been acquired by her father from one person, and to the H. land from several different persons. When assessed there were seven dwelling houses on the H. land and five on the S. land. Neither plaintiff nor her father ever resided on the tract. *Held*, that the fact that plaintiff's son is her principal agent upon the tract did not make the dwelling house in S. occupied by him the dwelling house comprehended by the statute, and that there is a storehouse on the land in S. in which crops from all parts of the tract are stored, and barns and other buildings, did not make them "principal buildings," there being a greater number of buildings in H., and hence the land does not fall within section 10 of the tax law, and each part of the tract should be assessed in the tax district where it is located.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 430-432.]

Action by Katherine P. Chamberlain against Stephen L. Sherman and others.    Complaint dismissed.

Action to recover $331.30. the amount collected from plaintiff for taxes imposed by the defendants as assessors of the town of Huron, Wayne county, upon lands owned by the plaintiff in that town, for the years 1903 and 1904.

Kelly & Kelly (Edson W. Hamn, of counsel), for plaintiff.
Horton & Brown, for defendants.

FOOTE, J.  The evidence in this cause was taken at the Wayne Equity Term, and the case has since been argued and submitted upon briefs of counsel.   It involves the right of the assessors of the town of Sodus, in Wayne county, to subject about 575 acres of land belonging to the plaintiff in the town of Huron to taxation in the adjoining town of Sodus, and to collect and appropriate the tax to the use of the latter town.   The plaintiff is the owner of upwards of 1,300 acres of land through which the division line between the towns of Sodus and Huron runs, so that about 575 acres lie in the town of Huron and the remainder in the town of Sodus.   This division line runs north and south and plaintiff's lands adjoin it on either side for a distance of upwards of one mile.   By reason of certain bonded indebtedness, the tax rate in Huron is greater than in Sodus.

Plaintiff's contention is that these lands constitute a farm within the intent and meaning of section 10 of the tax law (chapter 908, p. 801, Laws 1896), which is as follows:

> "If a farm or lot is divided by a line between two or more tax districts, it shall be assessed in the tax district in which the dwelling house or other principal buildings are located, in the manner provided by section 9 of this chapter, the same as though such farm or lot was wholly in such tax district. * * *"

The plaintiff derived title to all these lands by inheritance from her father in 1880. Her father purchased the portion lying in the town of Sodus in 1868 from Alexander Duncan, and within a few years thereafter he acquired title to the adjoining lands in the town of Huron by purchasing from several different owners. At the time of his purchase there were several dwelling houses and sets of farm buildings upon the tract in each of the towns. At the time of the assessments in question there were 12 dwelling houses upon the whole tract, 7 of which were situate in the town of Huron and 5 in the town of Sodus. The cleared land in the town of Huron is between four and five hundred acres, and in the town of Sodus about 325 acres. The rest is forest, and there is also considerable marsh land and highways not included in the estimate of about 1,335 acres for the whole tract. Neither the plaintiff nor her father ever resided upon this tract. The plaintiff resides in the village of Lyons. In the years 1903 and 1904 and for some years prior, the plaintiff's son, Frederick W. Chamberlain, managed the plaintiff's business upon this tract, and resided in one of the dwelling houses upon the tract situate in the town of Sodus, which is the largest and most valuable of the 12 dwellings. He was employed upon a salary, and had the use of this dwelling as a part of his compensation. All the other dwellings are occupied by the employés upon the tract and their families. Near the principal dwelling house occupied by plaintiff's son, and in the town of Sodus, are barns and a warehouse, and many of the crops, after they are harvested, are drawn to and stored in these buildings from both sides of the tract. Farming operations are carried on on all the tillable land, and horses and cattle and farm implements are kept at the various barns, but at all times they are used indiscriminately upon all parts of the tract. There are orchards near most of the dwelling houses, and most of the cultivated fields are fenced, but there is no division fence separating that part of the tract in Huron from the part in Sodus. A considerable part of this division line runs through timber lands, and is not in any way marked on the ground. Prior to the year 1903 that part of the tract located in Huron had always been assessed separately in that town, and that part located in Sodus in that town, but in the year 1903, and prior to the assessment for that year, section 10 of the tax law was amended so as to require a farm divided by a line between two tax districts to be assessed in the district in which "the dwelling house or other principal buildings are located." Thereupon the assessors of the town of Sodus, deeming the statute applicable, assessed the whole tract for that year and the following year, and plaintiff has paid the tax upon the whole tract to the tax collector of the town of Sodus. Nevertheless the assessors of the town of Huron continued to assess the portion located in that town, and, the tax in that town for the year 1903 not having been paid, it was reassessed by the board of supervisors in the year 1904, and, together with the tax for that year, included in a warrant issued to the collector for the town of Huron, who levied upon and sold certain of the plaintiff's personal property located upon this tract in that town, which was bid in for the plaintiff by her son, and for the amount so bid, being the full amount of the tax

for both years, namely, $331.30, this action is brought against the defendants, the assessors of the town of Huron.

Except for a brief period between 1872 and 1886, the statutes of this state from an early day have provided for the assessment of a farm or lot divided by a line between two tax districts as a whole in the district where the owner resides, yet few cases have arisen in the whole history of the state calling for an interpretation by the courts of the precise meaning to be given to the words "farm or lot" in these statutes, and none of the cases, either in this or other states where similar statutes exist, to which my attention has been called, are so similar as to afford a guide for the determination of this case. The plaintiff's lands have been commonly designated in the locality as the "Shaker tract." They are not generally referred to as a farm. Nevertheless, they are largely devoted to farm purposes, and increasingly so as the timber is removed. That part located in the town of Huron is sometimes called the "Hunter tract," a considerable part of it having been owned and in part cleared and cultivated by a man named Hunter, who built and occupied the principal dwelling on that part of the tract. It would not, perhaps, be improper to designate this whole Shaker tract as a farm, and yet, with equal accuracy, each section of the tract on which is located a separate dwelling house and farm buildings and orchard may be called a separate farm. It is clear that the number of acres contained in the whole tract is not controlling upon the question as to whether it constitutes one or more farms, and, so long as it is all held in one ownership and operated together by the owner, I think it may be fairly said to constitute a farm within the intent and meaning of the statute.

The general intent of the statutes for taxation is that all lands shall be assessed in the tax district in which they are located, but section 10 undertakes to create an exception to this rule as regards a farm or lot divided by a line between two or more tax districts by requiring the same to be assessed in the district "in which the dwelling house or other principal buildings are located." To bring the plaintiff's farm within this exception, it must appear that "the dwelling house or other principal buildings" for the whole tract are located in one of these two tax districts; otherwise section 10 does not apply, and the general rule must prevail that the lands are to be assessed in the district where they are located. The plaintiff's contention is that because the larger and more valuable dwelling house is located in Sodus, and that it is occupied by the plaintiff's son, who is her agent to manage the whole tract, therefore it must be held to be "the" dwelling house within the meaning of the statute. It is not claimed that this particular dwelling house was ever occupied by the plaintiff or by her father, or by any previous owner who owned any of the lands located in the town of Huron. On the other hand, the "Hunter house," so called, of nearly equal size and value, was erected and used as "the" dwelling house for that part of the lands located in Huron at the time the ownership of the two parts was separate. It is quite probable that, if the plaintiff herself occupied any one of the twelve dwellings upon this tract, it would be deemed "the" dwelling house within the intent and meaning of this statute; and, where there are

several dwellings upon a farm, it is at least doubtful whether there is or can be any "the dwelling" except the one occupied by the owner. Each of the 12 dwellings upon this tract is occup'ed by an employé of the plaintiff. None of them pay rent to the plaintiff, but they occupy as servants of the plaintiff as an incident to their employment. None of them have any such possession as constitutes occupancy within the intent of the tax laws, or such as would entitle them to maintain an action for trespass. Does the circumstance that the plaintiff's son is her principal agent, having authority over her other agents upon the tract, make the dwelling which he occupies "the" dwelling named in the statute? If the statute had named the principal dwelling, its identity could be determined by ascertaining which is the larger and more valuable structure, but no such intent appears in the statute, and it seems more probable that the intent of the Legislature was to designate as "the" dwelling the one occupied by the owner of the farm, or at least one erected and intended for the owner's occupancy, as distinguished from houses erected and intended for tenants and employés; but in this view the Hunter house may as properly be called "the" dwelling, as the one occupied by the plaintiff's son.

Furthermore, this statute must receive such a construction as will make it practicable for the assessors to discharge their duty under it, and one which will not permit the owner to change the place of taxation of the whole 1,335 acres from one town to the other from year to year through caprice, or to take advantage of a lower rate of taxation, simply by having her principal employé or superintendent on the tract change his place of residence from one dwelling house on the tract to another in the other town. To make section 10 of the statute applicable to this tract, the assessors of each town must have some means of determining which is "the" dwelling when they go to assess the property. They make the assessment at their peril, and are personally liable for assessing lands in the wrong district. The lawmakers cannot have intended the statute to apply to a case like this, where, the owner not residing upon the tract, the assessors will be left to speculate as to which of 12 dwellings is "the" dwelling contemplated by the statute, or to determine that "the" dwelling is necessarily the larger building or the one occupied by the principal one of 12 agents of the owner, all residing in different dwellings upon the tract. I am of the opinion, therefore, that there is no "the" dwelling upon this tract within the intent and meaning of section 10 of the tax law.

But the plaintiff contends that, if "the" dwelling is not located in the town of Sodus, the "other principal buildings" are so located, and that this circumstance requires the whole tract to be assessed in Sodus. This contention is based on the construction which the plaintiff's counsel gives to section 10, to the effect that the location of "the" dwelling house in Sodus, or, if there is no "the dwelling house," then the location of the "other principal buildings" in Sodus, requires the assessment of the whole tract in Sodus. The phrase "shall be assessed in the tax district in which the dwelling house or other principal buildings are located" admits of more than one construction as to its meaning. It was brought into the statute by the amendment of 1903. The

previous statute required the farm to be assessed in the tax district where the owner or occupant resided. There appears to have been no judicial construction of the statute in its present form. In the great majority of cases, a farm has upon it but one dwelling house. No doubt the intention was to continue the rule of the former statute, namely, that the farm should be assessed in the tax district where the owner or occupant resides, but also to provide for cases where the owner or occupant, in a legal sense, did not occupy the dwelling house or reside in the tax district, and also for cases of occupied and cultivated farms having no dwelling house but having other farm buildings. This seems to have been the intent of the amendment, though it must be confessed that it is not as clearly expressed as it should have been. Assuming this to be the intent of the statute, it follows that where there is a dwelling house, its location must control the place of taxation, irrespective of the location of the other principal buildings, and that it is only in case there is no dwelling house that the location of the other principal buildings becomes material.

There is nothing in the evidence from which a finding can be made that any of the buildings located in the town of Sodus are the principal buildings of the tract. There is a storehouse there in which many crops are stored from all parts of the tract, and barns and other buildings, but there are a greater number of buildings in the town of Huron part of the tract, including a sawmill and a fruit evaporator and a boarding house. There is nothing in the evidence which would justify the assessors of the town of Sodus in determining that the "principal buildings" of the tract are located exclusively in that town. Accordingly, it must be held that this tract of land does not fall within the exception specified in section 10 of the tax law, and hence, that each part of the tract should be assessed in the tax district where it is located.

The plaintiff's complaint must be dismissed, with costs.