(Supreme Court, Special Term, Westchester County.  November, 1908.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 102*)—TAXATION—TRACTS—PARTLY IN
   TWO DISTRICTS—"PERSON."
   Consolidated School Law (Laws 1894, p. 1235, c. 556) tit. 7, § 63, pro-
   vides that school district taxes shall be apportioned upon all real estate
   within the district not exempt from taxation, and that such property
   shall be assessed to the person or corporation owning it, but that a tract
   occupied by the "same person" if assessed as one lot on the last assess-
   ment roll of the town shall, though situated partly in two or more dis-
   tricts, be taxable in the one in which such occupant resides.  A manufac-
   turing corporation owned a tract, one-third of which, with 31 buildings
   of its plant and its principal office, was in school district No. 7, while
   the remaining area and 20 of the buildings were in district No. 6.  Held,
   that though the tract was assessed as an entirety on the last town assess-
   ment roll, and the corporation was a resident within the statute, it was
   not a "person," and hence cannot complain of an assessment by district
   No. 6 of the property lying therein.
   [Ed. Note.—For other cases, see Schools and School Districts, Cent.
   Dig. § 238; Dec. Dig. § 102.*
   For other definitions, see Words and Phrases, vol. 6, pp. 5327–5330;
   vol. 8, p. 7752.]

2. TAXATION (§ 255*)—PLACE.
   Generally land is taxable in the tax district, technical or actual, in
   which it is situated, and any statute creating an exception to the rule
   must be strictly construed.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 427; Dec. Dig.
   § 255.*]

3. TAXATION (§ 275*)—CORPORATIONS—RESIDENCE—"RESIDENT."
   A corporation is to be regarded for purposes of taxation as a resident
   of the locality where its principal office is situated.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 450; Dec. Dig.
   § 275.*
   For other definitions, see Words and Phrases, vol. 7, pp. 6163, 6164;
   vol. 8, p. 7788.]

Certiorari by the People of the State of New York, on the applica-
tion of Fleischmann Manufacturing Company, to review a tax assess-
ment by Albert P. Marens and others, tax assessors for Union Free
School District No. 6, town of Cortlandt, Westchester county, N. Y.
Writ dismissed.

George B. Lester, for relator.
Nathan P. Bushnell, for defendants.

MILLS, J.  This is a certiorari proceeding taken under the tax law
to review the assessment of the real property of the relator, situated
in school district No. 6, made by the board of education of said dis-
trict acting as a board of assessors.  The relator corporation owns,
and from September, 1900, has owned, a tract of land within the vil-
lage of Peekskill and town of Cortlandt, Westchester county, being
about one mile in length, running north and south, and upon an aver-
age of a quarter of a mile in width east and west, and being bounded,
generally speaking, on the west by the Hudson river.  The northern

part of the tract, constituting, as would appear by the map submitted, about a third of its area, is situated in school district No. 7, and has upon it some 31 different buildings, and the other or southern part of the tract is situated in school district No. 6, and has upon it 20 buildings. The dividing line between the two districts, which intersects the tract by running across it from east to west, intersects 5 buildings. The relator corporation carries on and for such period has carried on upon said tract and in said buildings the business of manufacturing yeast and certain other products, using all the buildings as one manufacturing plant. Its principal office and place of business, where its records are kept and the meetings of its stockholders and board of directors held, is and since 1900 has been in a building upon the northeastern part of the tract, designated on the map submitted as "Office" and situated within district No. 7.

The tract has always, while in the ownership and use of the relator. been assessed to it by the assessors of the town of Cortlandt as one tract or lot, and so appears upon each assessment roll of said town after revision by the assessors, including the roll of 1907. From 1900 to 1906, inclusive, the portion of the tract lying in each of said school districts was separately assessed in such district, and the relator was separately taxed in each such district for its assessment therein for the portion of the parcel lying therein, and paid such taxes. In the year 1907 two of the trustees of said districts, one from each, together orally submitted to the chief of the law division of the state education department the question whether or not the entire tract belonging to the relator, above described, should be assessed and taxed in district No. 7 alone, or should be assessed in both districts as the previous practice had been. Such chief of the law division, in response to such submission and inquiry, on the 5th of August, 1907, wrote a letter to each of such trustees, in effect giving as his opinion that the whole tract should be assessed in district No. 7. His letter in substance stated that section 11 of the general tax law (Laws 1896, p. 802, c. 908) provided that "the real estate of all incorporated companies liable to taxation shall be assessed in the tax district in which the same shall lie, in the same manner as the real estate of individuals," and that, therefore; the tract in question should be assessed entirely in district No. 7, because, under the provisions of section 63 of title 7 of the consolidated school law (Laws 1894, p. 1235, c. 556), such tract would be so assessed under the circumstances if it belonged to and was occupied by an individual.

It may be noted, in passing, that the Court of Appeals in the case of People ex rel. Champlin v. Gray, 185 N. Y. 196, 77 N. E. 1172, in May, 1906, held that a village, although an actual tax district for the purpose of imposing and collecting village taxes, was not a tax district within the meaning of the tax law. By parity of reasoning it would seem that a school district is not to be regarded as a tax district within the definition of that term contained in the tax law. Following the receipt of such opinion in September, 1907, the board of education of district No. 7 assessed the entire tract to the relator, and the board of education of district No. 6 failed to assess any part of it, and taxes

upon the entire tract were thereupon levied in district No. 7 against the relator and duly paid.

In the year 1908 the board of education of district No. 6, being dissatisfied with such opinion and desiring to test the question in the courts, assessed upon its roll the portion of said tract lying within said district No. 6 at the amount at which in previous years prior to 1907 it had been so assessed. It is undisputed that the proceedings of the board of education in making such assessment and giving notice thereof and in reviewing the same, and of the relator in appearing upon grievance day and making the objection which it raises in this proceeding, were all regular and in due form. It seems manifest that the assessment of all this large tract in school district No. 7 is a great hardship to district No. 6, which obviously is the more rural district and doubtless needs for the support of its own schools the taxation imposed upon so large an area of land within its limits as the portion of this tract which is so situated. It does not appear that any children residing within the tract actually attend school in either district, although the map submitted indicates several buildings upon the tract designated as "dwelling houses," all of which appear to be within the limits of district No. 7. In view of such manifest hardship and the fact that it does not appear that district No. 7 bears the expense of schooling children from the tract, I am strongly disposed as a matter of manifest equity to hold that the assessment here sought to be reviewed is lawful and valid, if I can perceive any reasonably sufficient ground upon which to base such conclusion.

The question presented herein for consideration and determination is the question whether or not the provisions of said section 63 of title 7 of the consolidated school law in these words—"but land lying in one body and occupied by the same person, either as owner or agent for the same principal, or as tenant under the same landlord, if assessed as one lot on the last assessment-roll of the town after revision by the assessors, shall, though situated partly in two or more school districts, be taxable in that one of them in which such occupant resides"—are applicable to the lands of the relator situated as above described and stated. No authority directly upon the point has been found by either counsel or by me, although I have made independent and personal examination for any such; and I am therefore left to decide the question upon my own impressions and judgment. Doubtless the general rule is that land is to be assessed and taxed in the tax district, technical or actual, in which it is situated, and that any statute creating an exception to such general rule is to be strictly construed and narrowly applied. Thus of the somewhat similar exemption created by section 10 of the tax law (Laws 1896, p. 801, c. 908) as to a farm or lot lying in two or more tax districts, as such districts are defined in the tax law, it was held by the Appellate Division in the Third Department, in People ex rel. Low v. Wilson et al., 113 App. Div. 1, 98 N. Y. Supp. 1080, that the terms in said section "farm or lot" should not be construed to include a large connected area largely of forest land having a maple sugar producing plant in one locality upon it, viz., one town, and various hunting camps in other localities, viz., another town,

although the owner's personal residence was situated in one of the towns. The court held that the entire tract should not be assessed and taxed in that town. Its opinion indicates that it was to some extent influenced by the hardship to the other town of the contrary construction.

The case of Chamberlain v. Sherman, 53 Misc. Rep. 474, 103 N. Y. Supp. 239, was decided upon similar reasoning and the exemption refused where there were several dwelling houses upon the tract, some in the one town and some in the other, although it was claimed that the house occupied by the owner, or rather the owner's manager, her son, was situated in one of the towns only, and that such fact brought the case within the exemption of section 10. Again, in the case of People ex rel. Champlin v. Gray, 185 N. Y. 196, 77 N. E. 1172 (above cited), the Court of Appeals held that said section 10 was not applicable to a farm situated partly within a village and partly without the village, in the same town, although the owner and occupant's residence was in the part outside of the village, so that the village could not assess and tax the portion of the farm within its limits. This decision was made upon the ground that the village did not constitute a tax district within the technical definition thereof given in the tax law. The opinion of that court indicates at least that it did not overlook the hardships to the village of a contrary construction.

Also, as to the application of said section 63 of title 7 of the consolidated school law, it was held in the case of People ex rel. Bourne v. Howell, 106 App. Div. 140, 94 N. Y. Supp. 488, by the Appellate Division in this, the Second, department, that the owner of an entire tract situated in one town—that is, in one tax district within the meaning of the tax law, but in three school districts—could not insist and require that the town assessors should assess the tract as one parcel so as to enable the owner and occupant to take advantage of the provisions of said section 63, and have the entire tract for school taxes assessed in the one school district where he resided. In judging of the application of the provisions of said section 63 for the assessment of the whole tract in the one school district, there appear to be by the terms of that section three material elements or tests, viz.: (1) Occupation of the entire tract by "the same person" of the given character; (2) assessment of the entire tract as one lot by the town assessors upon the last roll; and (3) residence of such occupant in one of the two school districts. Undoubtedly the second of these elements exists in this case. It is also clear, I think, that the third element, exists, or, in other words, that a corporation is to be regarded as a resident of the locality where its principal office is situated. Ontario Bank v. Bunnell, 10 Wend. 186, 192; Conroe v. National Protection Insurance Company, 10 How. Prac. 403; Rossie Iron Works v. Westbrook (General Term, First Dept.) 59 Hun, 345, 13 N. Y. Supp. 141. In the Ontario Bank Case, supra, the opinion holding that a corporation having its principal office in a village was to be deemed an inhabitant of the village within the meaning of the village charter, said:

"There can be no doubt the term 'inhabitant' includes a corporation occupying an office or building in a town, ward or village, in conducting the busi-

ness of their corporation for many purposes, and especially with reference to the burthens of taxation for public purposes." 10 Wend. 192.

The question, therefore, narrows itself down to this: Does the second element above named exist in this case in the relator's favor? No doubt, if, in the provisions of section 63 under consideration, the term "person" were used alone, it would have to be construed in its general sense as including a corporation; but the provision is found as a part of one single sentence, which reads as follows:

"School district taxes shall be apportioned by the trustees upon all real estate within the boundaries of the district which shall not be by law exempt from taxation, except as hereinafter provided, and such property shall be assessed to the person or persons, or corporation owning or possessing the same at the time such tax list shall be made out, but land lying in one body and occupied by the same person, either as owner or agent for the same principal, or as tenant under the same landlord, if assessed as one lot on the last assessment roll of the town after revision by the assessors, shall, though situated partly in two or more school districts, be taxable in that one of them in which such occupant resides."

It thus appears that this sentence consists of two clauses separated merely by a comma, and that in the first clause the terms used are "the person or persons, or corporation owning," etc. It would seem, therefore, that the same mind in using in the latter clause of the same sentence the word "person" alone could not have intended that term there to include a corporation as well as a natural individual. If such was the intent, such usage was loose and inexact. It is apparent from the decision of our Appellate Division in the case of People ex rel. Bourne v. Howell, above cited, that no equity or convenience of the owner of such tract, real or supposed, can suffice to bring his case within the statutory exemption from the general rule. Here in this case, however, it seems to me that as it does not appear that children residing upon this tract are schooled in the school or schools maintained by district No. 7, and therefore at its expense, there is no equity in favor of district No. 7, and I cannot perceive how the practice of assessing in both districts which prevailed apparently without difficulty from 1900 to 1906 can be of any substantial inconvenience to the relator.

I conclude, therefore, that I am warranted in deciding here according to what appear to me to be the natural equities of the case, and therefore decide that the assessment here under review was lawfully made. The writ of certiorari will therefore be dismissed.