corporation does not become liable to taxation. Moreover, any serious doubt in a case of taxation should be resolved in favor of the taxpayer. People ex rel. Mutual Trust Co. v. Miller, 177 N. Y. 51, 57, 69 N. E. 124.

Determination of Comptroller reversed, with costs to relator.

Determination of the Comptroller reversed on law and facts, with $50 costs and disbursements to relator. All concur.

---

PEOPLE ex rel. FLEISCHMANN MFG. CO. v. MARENUS et al., Tax Assessors.

(Supreme Court, Appellate Division, Second Department. October 8, 1909.)

SCHOOLS AND SCHOOL DISTRICTS (§ 102*)—PLACE OF TAXATION—SCHOOL TAXES —"PERSON."

Consolidated School Law (Laws 1894, p. 1235, c. 556, tit. 7, art. 7) § 63, provides that school district taxes shall be apportioned by the trustees upon all real estate within the district, and such property shall be assessed to the person or persons or corporation owning or possessing it, except that land lying in one body and occupied by the same person, if assessed as one lot on the last assessment roll of the town, shall, though situated partly in two or more school districts, be taxable in that one of them in which such occupant resides. *Held*, that a corporation owning land in the district is not a "person," within the exception of the act, and a corporation owning a tract of land upon which were over 50 buildings used for manufacturing purposes, and which lay partly in another district, could not have it taxed in the other district because its offices were in that district.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 102.*

For other definitions, see Words and Phrases, vol. 6, pp. 5322–5335; vol. 8, p. 7752.]

Rich and Gaynor, JJ., dissenting.

Appeal from Special Term, Westchester County.

Certiorari by the People, on relation of the Fleischmann Manufacturing Company, against Albert P. Marenus and others, as the Board of Assessors for Taxes for Union Free School District No. 6, Town of Cortlandt, Westchester County. Judgment of dismissal (62 Misc. Rep. 317, 116 N. Y. Supp. 189), and relator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

George B. Lester, for appellant.
Nathan P. Bushnell, for respondents.

MILLER, J. In conformity with the general policy of the tax law that real property shall be assessed where located, section 63 of the consolidated school law (Laws 1894, p. 1235, c. 556, tit. 7, art. 7), provides that:

"School district taxes shall be apportioned by the trustees upon all real estate within the boundaries of the district."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The question involved on this appeal is whether the case falls with-in the exception to that general rule, to wit, that:

"Land lying in one body and occupied by the same person, either as owner or agent for the same principal, or as tenant under the same landlord, if assessed as one lot on the last assessment roll of the town after revision by the assessors, shall, though situated partly in two or more school districts, be taxable in that one of them in which such occupant resides."

I think it is reasonably certain that, in enacting that exception to the general rule, the Legislature did not have in mind such a case as this; i. e., a tract of land a mile long, having upon it over 50 buildings used for manufacturing purposes. There is some analogy between the exception under consideration, found in section 63 of the consolidated school law, and section 10 of the tax law (Laws 1896, p. 801, c. 908), which provides:

"If a farm or lot is divided by a line between two or more tax districts, it shall be assessed to the owner in the district in which he resides."

It was held by this court in the Third department that that provision did not apply to a tract of 32,000 acres. People ex rel. Low v. Wilson, 113 App. Div. 1, 98 N. Y. Supp. 1080. Where a farm is located in two or more school districts, it is just that it should be assessed and pay taxes in the district where the occupant resides; for he has the right to send his children and those of school age residing with him to the school in that district without paying tuition. It might often be inconvenient to divide a farm for purposes of assessment, and no injustice can result from the assessment of a farm in the tax district or in the school district where the occupant resides.

Undoubtedly, a corporation may be an "inhabitant," a "resident," or a "person," according to the sense in which the particular term is used. But the internal evidence, pointed out by the learned justice at Special Term, plainly shows that the words "person" and "corporation" were used in different senses in said section 63:

"Such property" (meaning the real property within the boundaries of the district) "shall be assessed to the *person* or *persons*, or *corporation* owning or possessing the same at the time such tax list shall be made out, but land lying in one body and occupied by the *same person*," etc. (Italics are mine.)

Land lying in one body is only to be assessed in the district where the occupant resides where it is "occupied by the same person," not where it is "occupied by the same person or corporation." The reason for omitting the word "corporation" in referring to the occupancy of such land seems to me to be reasonably plain. The occupant is to be a person, some one who may have children to send to school. Further down in the section will be found the provision:

"The trustees shall also apportion the district taxes upon all *persons residing* in the district, and upon *all corporations liable to taxation therein*, for the personal estate owned by them and liable to taxation" (italics are mine)—

again emphasizing the fact that a corporation liable to taxation in the district is not a person resident therein as those words were used by the framer of that section. If the construction contended for by the appellant is correct, it can, by the extension of its works, absorb practically all of the taxable property of district No. 6 and transfer it

for purposes of taxation to district No. 7, merely because its offices happen to be located in the latter district.

I do not think that the appellant brings itself within the exception, and vote to affirm the judgment appealed from.

Judgment affirmed, with costs.

HIRSCHBERG, P. J., and JENKS, J., concur.

RICH, J. (dissenting). The facts are not controverted. Since the year 1900 the appellant has owned and occupied a tract of land in the town of Cortlandt, upon which are located 61 buildings, constituting its manufacturing plant. The land lies in two school districts in the same town, and, since its ownership by the appellant, has been assessed as one parcel by the assessors of the town. The greater portion of the land and the larger number of the buildings, including its main and office building, are in school district No. 7. Prior to the year 1907 the two districts had each assessed that portion of the property within their district for school purposes. In that year each district, acting through a trustee, submitted to the Department of Education of the state the question whether the entire tract should be assessed and taxed for school purposes in district No. 7 alone, or should be assessed in both districts, as had been the practice, and they were advised that it should be assessed in the one district, No. 7. Acting on this advice, the assessors of district No. 6 made no assessment of any portion of the property in the year 1907, but in 1908 they again assessed that portion lying in their district, in the sum of $183,000, which made a double assessment on that portion; the assessors of district No. 7 having assessed the property as one parcel at its full value of $550,000.

A school district, or Union Free School District, is not a tax district within the meaning of those words as used in the tax law. The power of its assessors is limited to levying taxes for school purposes. People ex rel. Champlin v. Gray, 185 N. Y. 196, 77 N. E. 1172. Their power and authority is derived solely from the provisions of the school law of the state, and the provisions of the tax law relating to "tax districts" have no application. Section 63, art. 7, tit. 7, of the consolidated school law (chapter 556, p. 1235, Laws of 1894), in force when the assessment under review was made and this proceeding was commenced, provided:

"School district taxes shall be apportioned by the trustees upon all real estate within the boundaries of the district which shall not be by law exempt from taxation, except as hereinafter provided, and such property shall be assessed to the person or persons, or corporation owning or possessing the same at the time such tax list shall be made out, but land lying in one body and occupied by the same person, either as owner or agent for the same principal, or as tenant under the same landlord, if assessed as one lot on the last assessment roll of the town after revision by the assessors, shall, though situated partly in two or more school districts, be taxable in that one of them in which such occupant resides."

Within this section must be found the authority of the assessors of district No. 6 to make the assessment and levy the tax under review, or in so doing they acted without jurisdiction, and the judgment appealed from must be reversed.

Four things must concur to justify the appellant's contention: The land must lie in one body, its ownership must be by one person or corporation, either as owner, tenant, or agent of a sole owner, and it must have been assessed as one lot by the assessors of the town in which it lies on their last assessment roll. The land and buildings owned by the appellant comprise a single tract, occupied entirely by the corporation itself as a manufacturing plant; and, having its corporate office and principal place of business on that portion of its property lying within the boundaries of district No. 7, the case is thus brought within the strict letter of the statute. Budd v. Allen, 69 Hun, 535, 24 N. Y. Supp. 5. The learned Special Term has construed the section of the law quoted as showing the intent of the Legislature, by the use of the word "person" in the second sentence, and the omission therefrom of the word "corporation," used in the first sentence, to have been that a corporation may not avail itself of the provisions of the second sentence. In this I think it is in error. No reason exists why a corporation—the owner and occupant of realty—may not avail itself as fully of the provisions of this law as an individual owner or occupant, and the statutory construction law provides that the term "person," when used in a statute, includes a corporation. While it may be, as observed by the learned court, that the assessment of its property in both districts is not a substantial inconvenience to the relator, and would be quite beneficial to the inhabitants of district No. 6, courts cannot give consideration to such assumptions, but must uphold the rights of litigants under its plain and clear provisions. If they are burdensome and unjust, the remedy lies with the Legislature, and not with the courts.

I think the judgment should be reversed, and vote accordingly.

GAYNOR, J., concurs.