THE BUFFALO LOAN, TRUST AND SAFE DEPOSIT COMPANY, as Trustee, etc., Plaintiff, v. THE DEPEW MANUFACTURING COMPANY et al., Defendants.

(County Court, Erie County, March, 1910.)

Taxes —Assessment: Assessing officers, their duties and liabilities and validity of assessment in general — Village trustees: Formal requisites of assessment — In general — Description of lands.

Under the Village Law and the Tax Law, as they existed prior to the passage of the Consolidated Laws, villages were tax districts so far as the preparation of assessment rolls was concerned, and the lands of nonresidents were required to be assessed in a village assessment roll in the same manner as in a town assessment roll; and an assessment of nonresident lands in the same form as lands of residents was invalid.

A description which only covers a certain number of acres, situated on a specified side of a road named and within the confines of certain including farms of much larger acreage, is insufficient for the purposes of a tax sale.

ACTION to foreclose trust mortgage.

Messer & Groat, for plaintiff.

S. Jay Ohart, for defendant village of Depew.

TAYLOR, J. The plaintiff is foreclosing a trust mortgage executed by the defendant Depew Manufacturing Company to secure an issue of corporate bonds aggregating $100,000. Said company is a Maine corporation with its principal office at Portland, Maine. It has never had an office in the village of Depew, and none of its officers or directors have resided in that village. Issue is joined here by the village of Depew, defendant, which claims that it has levied and assessed taxes against the property involved for the years 1899 to 1909 inclusive, and that it has sold said premises for such taxes for the years 1899 to 1907 inclusive. The sales claimed to have been made for the first four years were for terms of fifty years

each, and for the two remaining years the entire interest is claimed to have been sold.

I enter upon consideration of this case with a feeling that our systems of taxation should be upheld in all lawful ways; that courts should not go out of their way to assist persons or corporations in evading either the payment of taxes or the enforcement of such payment by any of the methods prescribed by law.

The plaintiff contends that certain formalities were not observed by the defendant village of Depew precedent and prerequisite to such sales, and the burden is upon the plaintiff to establish such contention. I believe that this burden has been sustained, for reasons that will appear later. The points raised by the plaintiff relative thereto, among others, are the following:

*First.* That the village of Depew in levying and assessing said taxes and making said sales must strictly have observed all statutory requirements. With this contention I am inclined to agree, perhaps substituting the word "substantially" for the word "strictly," in the belief that I am justified therein by the remarks of the court in Hilton v. Bender, 69 N. Y. 75; May v. Traphagen, 139 id. 481; Sanders v. Downs, 141 id. 426.

The plaintiff contends, *secondly,* that the maps produced by the defendant village of Depew, and the affidavits introduced in evidence as to posting and service of notices and completing and filing of assessment-rolls, not duly filed but produced and filed later, were improperly admitted in evidence. With this view I agree, in spite of the remarks made by Justice HARDIN in Supervisors v. Betts, 6 N. Y. Supp. 934. The doctrine laid down in Martin v. Barbour, 34 Fed. Rep. 701, seems better to me. However, it is hardly necessary for me to pass on these matters adversely to the said defendant, since I find that the plaintiff must prevail for other reasons.

The plaintiff has produced evidence tending to show various particular defects in perfecting these levies and assessments and sales. For example, as to 1899 and 1900 no warrant appears. As to 1900 and 1901, the premises are described as being in the wrong lot. As to 1907 and 1908 there is no vil-

lage seal, and the law is mandatory as to this. Lockwood v. Gehlert, 127 N. Y. 250. The plaintiff further claims that proper and sufficient service of notices of sale on the owner has not been made, the proof of service on Mr. Carstensen not showing with sufficient definiteness that Mr. Carstensen was a proper representative of the owner, or that the notice was served at the proper office of the owner. However, neither is it necessary to hold this in itself to be a defect sufficient to warrant a judgment for the plaintiff.

The next point raised by the plaintiff I consider far more vital. The plaintiff claims that these lands, being lands of nonresident owners, were wrongfully assessed the same as if they belonged to resident owners, and that this error makes all proceedings void. In the case at bar we have no special charter provision, but must depend upon the New York Village and Tax Laws, as they existed prior to the Consolidated Laws. The defendant makes an ingenious and able argument to the end that the language of the statute relative to resident and nonresident classifications in the Tax Law is merely directory, not mandatory, where village property is involved, and that compliance with said statute in this particular may be dispensed with. He relies largely on People ex rel. Champlin v. Gray, 185 N. Y. 196, and Collins v. Long Island City, 132 id. 325. The former case, holding that a village is not a " tax district " under subdivision 1 of section 2 of the Tax Law, should not be too broadly construed. The question in that case was whether a part of a farm situated within a village, the other part being outside the village and the owner residing in that part, could be assessed for village purposes in view of the provisions of section 10 of the Tax Law reading as follows: " If a farm or lot is divided by a line between two or more tax districts and the owner resides thereon, it shall be assessed to him in the district in which he resides." The court answers this question in the affirmative, holding in this connection only, as I read it, that a village is not a " tax district," and that this portion of the farm in question should not escape taxation for village purposes by hiding behind this section of the Tax Law. But section 104 of the Village Law says that " The assessors of a village *shall*

\* \* \* prepare an assessment-roll of the persons and property taxable within the village in *the same manner and form* as is required by law for the preparation of a town assessment roll." This is the only section of the Village Law referring to manner and form of preparation of village assessment-rolls and must relate to sections 21, 29 and 30 of the Tax Law, which is the law regulating town assessments. And so I believe that, in the matter of preparation of assessment-rolls, villages are "tax districts" within the meaning of section 2, subdivision 1, of the Tax Law. The opinion in the Champlin case, in my judgment, reaches no further than I have above indicated, that is, to cover the particular point involved in the situation there considered.

Collins v. Long Island City, 132 N. Y. 321, was an action brought to set aside tax sales in Long Island City. The charter of that city contained a provision that no separation of residents' and nonresidents' property should be made as provided in the Tax Law, and a further provision that, in case vacant land in the city were owned by a nonresident, the first column of the roll, instead of the name of the owner, as in case of residents, should contain a designation or description of such land as prescribed by statute.

In the roll in question the assessors met every requirement, but, in addition, inserted the name of the owner. The court held that this was mere surplusage; that, at most, it was an unwarranted act by the assessors against which, if necessary, the owner had ample remedy, and that the assessment was valid. This is as far as this case goes as authority here.

One of the main questions now to be determined, if not the principal one, is that of sufficiency of description of the property sought to be sold. And it seems to me there is no authority or reason for my holding that section 29 of the Tax Law, particularly the last sentence of subdivision 5 thereof, that section being applicable, as I have hereinbefore stated, could be so plainly disregarded by the village of Depew in preparing these assessment-rolls and making these sales. For it cannot seriously be claimed that, even if the maps were properly in evidence, there is anywhere and altogether a description of the property with the particularity re-

quired by the section last mentioned. People ex rel. Buffalo
B. P. Asso. v. Stilwell, 190 N. Y. 284, 293; Zink v. Mc-
Manus, 121 id. 259; Matter of N. Y. Central, 90 id. 343.

These descriptions are surely not sufficiently definite, by
metes and bounds or otherwise, to pass a good title to any
particular tract.  They cover at best a certain number of
acres situated on a specified side of a road named and within
the confines of certain including "farms" of much larger
acreage.  But the spots where a grantee under such descrip-
tions might safely drive his corner stakes would be as difficult
of permanent location as the storied flea.

For the reasons hereinbefore given, I believe plaintiff is
entitled to a judgment of foreclosure and sale, and decreeing
that all claims of the defendant village of Depew under taxes,
levies, assessments and sales claimed to have been had be
declared invalid and of no effect as to this plaintiff and in-
ferior to its claim.  The plaintiff may have the usual fore-
closure costs and disbursements and an allowance of seventy-
five dollars costs additional against the village of Depew, de-
fendant.  Thomas H. Noonan, referee to sell.

Judgment accordingly.